UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

ROGER C. MATTSON, ESQUIRE
26 Newton Avenue
Woodbury, NJ 08096
(856) 848-4050
Attorney for JOHN W. OLIVER, III
Plaintiff

---

| | |
|---|---|
| JOHN W. OLIVER, III : Individually and as a class representative : On behalf of others similarly situated : : Plaintiff : : vs. : : AMERICAN HOME MORTGAGE : Servicing, Inc. : AND JOHN DOE SERVICERS 1-100 : AND JOHN DOE LAW FIRMS 1-10 : : Defendant : | CIVIL ACTION CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND |

---

Plaintiff, JOHN W. OLIVER, III residing at 1122 Mullica Hill, Swedesboro, County of Gloucester and State of New Jersey, individually, and as private attorney general, and on behalf of others similarly situated, by way of Complaint says:

### PARTIES

1. The Plaintiff, JOHN W. OLIVER, III, owns the residential property located at 1122 Mullica Hill, Swedesboro,, County of Gloucester and State of New Jersey.

2. The Defendant, American Home Mortgage Servicing (AMERICAN), whose headquarters are located at 4600 Regent Boulevard, Suite 200, Irving, Texas

75063, solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

## VENUE AND JURISDICTION

3.   Jurisdiction before the court is based upon a federal cause of action from a claim arising under the "Fair Debt Collection Practices Act" 15 U.S.C. 1692 et. seq.

4.   Venue is proper in this court pursuant to 28 U.S.C. 1391(b).

## BACKGROUND

14.   The mortgage and note dated July 30, 2003 executed by the Plaintiff are documents signed under seal which were originated by Option One Mortgage, Corp.

15.   Option One Mortgage was a non-depository licensed lender licensed in the State of New Jersey pursuant to NJSA  17:11C-1. et seq.

16.   A foreclosure proceeding was instituted on behalf of Option One Mortgage against the Plaintiff on the mortgage on or about January 3, 2008.

17.   On or about July 1, 2008, the loan was transferred or assigned to AMERICAN.

18.   The Plaintiff requested a reinstatement quote from the Defendant.

19.   The Plaintiff received a reinstatement quote dated September 11, 2008 which requested  a total of $31,155.30 inclusive of attorneys fees of $1935.00 and foreclosure costs of $1518.00. Exhibit A.

2

20. AMERICAN prepared the reinstatement quote.

21. On or about September 19, 2008, the Plaintiff paid AMERICAN the full $31,155.30 demanded.

22. AMERICAN'S attorney in the foreclosure subsequently prepared a reinstatement quote dated September 26, 2008 which demanded a total of $29,403.48 inclusive of attorneys fees and costs of $1701.18.

23. The Defendant then dismissed the foreclosure action with prejudice and discharged the mortgage and Lis Pendens.

## FACTUAL ALLEGATIONS:
## DEFENDANT'S WRONGFUL CONDUCT

25. At all times relevant hereto, AMERICAN has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

    a) they charged attorneys fees and costs in excess of those actually incurred; Specifically, in the instant case the Defendant demanded and was paid $3453.00 in attorneys fees and costs when only $1701.18 were due.

    b) costs of suit charged to the Plaintiff and class was excessive in violation of statute and court rule; Specifically, R 4:42-10 limits the taxable costs for

3

searches at a minimum of $75 to 1% of the amount due but in no case more than $500. In the instant case the amount allowed would be $500.

c)  recording fees charged were excessive of the actual fee; i.e. to file and discharge a lis pendens the fee was $60.00

d)  Overcharging for the service of process. The statutes and court rules limit the reimbursement to a maximum of $35 per Defendant.

e)  Charging the borrower for obtaining a certificate of regularity which is not a fee which can be charged to a borrower.

f)  In addition the Plaintiff contends that the Defendant overcharged the class as follows:

  i.     over charging of sheriff's commissions by failing to properly credit deposits;

  ii.    charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

## CLASS ACTION ALLEGATIONS

26.    The Plaintiff repeats each and every previous allegation and incorporates them by reference herein as if they were set forth fully herein.

27.  The Plaintiff brings this action on behalf of all persons similarly situated and pursuant to Fed. R.Civ.P. 23 as a class action on behalf of a statewide class of persons as defined below.

4

28.  The claims of the named class representative and the absent class members have a common origin and share a common basis. Their claims originate from the same illegal, fraudulent, unconscionable and/or negligent business practices of the Defendant, and the Defendant act in the same way toward the Individual Plaintiff and the members of the class. As such, the individual Plaintiff has been a victim of the unconscionable business practices.

29.  The actions of the Defendant are not isolated but represent a general and consistent business practice.

30.  The actions of the Defendant have affected similarly situated individuals throughout the State of New Jersey.

31.  The Plaintiff proposes a class as 1) Individuals who have had home loans held or serviced by the Defendant, AMERICAN, in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2)  who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

> a)  A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

b)    A subclass exists for claims from one year prior to the filing of the complaint through the date of class certification which includes claims under the Fair Debt Collection Practices Act.

34.    The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

35.    The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representatives.

36.    The class members are so numerous that joinder of all members is impracticable.   It is believed and therefore averred that there are over 725 mortgages within each category of claims identified above and in each Count of this Complaint.

37.    The claims of the Plaintiff are typical of the claims of each of the class members, and the Plaintiff has no claim antagonistic to class members.  He is aware that he cannot settle this action without Court approval.  He has and will continue to vigorously pursue the class member claims.

38.    The Representative Plaintiff, JOHN W. OLIVER, III will fairly and adequately protect the interests of the class members.   The Plaintiff is

6

committed to the vigorous representation of the class members and has retained competent counsel experienced in the prosecution of complex and class action litigation. Counsel have agreed to advance the costs of the litigation contingent upon the outcome.

39.  AMERICAN  has acted on grounds generally applicable to the class members, thereby justifying relief against Defendant, AMERICAN  for the class members as whole.

40.  A class action is superior to other methods for the fair and efficient adjudication of this controversy because prosecution of separate actions by mortgagors creates a high risk of inconsistent and varying adjudications, with inconsistent and varying results.  Furthermore, as the damages suffered by many individual class members may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for class members to individually redress the wrongs done to them.  Many, if not most, of the class members are unaware that claims exist against AMERICAN.  There will be no unusual difficulty in the management of this class action.

41.  The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

7

42. The self-interest of the named class representative is co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to well and truly protect the interests of the absent class members.

43. Questions of fact and law common to the class that predominate include but are not limited to:

    I.    Did AMERICAN breach their contractual obligations to the class members by having imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorney's fees and charges?

    II.    Did AMERICAN engage in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

        a.    Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

        b.    Imposing and collecting excessive interest;

        c.    Misleading or otherwise misinforming customers about the amounts properly due and owing;

        d.    Engaging in conduct that violates state and federal consumer protection laws; and

    e.      Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

IV.   Did AMERICAN engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

    a.      Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    b.      Imposing and collecting excessive interest;

    c.      Misleading or otherwise misinforming customers about the amounts properly due and owing;

    d.      Engaging in conduct that violates state and federal consumer protection laws; and

    e.      Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

V.   Did AMERICAN represent to the Plaintiff that they are entitled to collect various loan charges that were not legally due and owing?

VI.   Did AMERICAN collect monies that are not due and owing under applicable law which resulted in unjust enrichment of the Defendant AMERICAN?

9

## COUNT ONE:

## BREACH OF CONTRACT - AMERICAN

44.    Plaintiff realleges and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

45.    Defendant's, AMERICAN loans are evidenced by standard form notes and mortgages, the relevant provisions of which are uniform.

46.    AMERICAN has imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs of suit, attorney's fees and other charges.

47.    AMERICAN failed to disclose in advance to the Plaintiff the amount of any fees or costs which may be charged to him in connection with his mortgage.

48.    AMERICAN has breached its contracts with Plaintiff and members of the class. Specifically, the note and mortgage only allow AMERICAN to be reimbursed for actual expenses incurred. The note and mortgage make no provision for AMERICAN to receive any money in excess of the amount actually incurred.

49.    Plaintiff and Class members are entitled to relief for breach of contract.

## COUNT II:

## NEGLIGENCE - AMERICAN

50.    Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

51.   AMERICAN owed Plaintiff and other Class members a duty of care with respect to servicing their mortgage loans since those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship to Plaintiff and members of the class.

52.   AMERICAN conduct with respect to Plaintiff and other Class members was far below applicable standards for mortgage loan servicing.

53.   AMERICAN conduct was negligent with respect to Plaintiff and other Class members.

54.   As a direct and proximate result of the negligence listed above Plaintiff and the other Class members have suffered damages and are entitled to relief for AMERICAN's negligence.

## COUNT III:

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AMERICAN

55.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

56.   New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

58.   AMERICAN's conduct as aforesaid breached said duty.

59.   Plaintiff and members of the Class are entitled to relief for AMERICAN's breach.

### COUNT IV: UNJUST ENRICHMENT

### AMERICAN

60.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

61.   AMERICAN has engaged in unlawful collection activities.

62.   AMERICAN has collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit AMERICAN to collect such fees and charges.

63.   Said conduct sounds in equity under the common law of unjust enrichment, money had & received, and constructive trust.

64.   AMERICAN has been unjustly enriched by its conduct.

65.   Plaintiff and Class members have suffered loss by virtue of AMERICAN'S conduct.

67.   Plaintiff and members of the Class are entitled to relief for unjust enrichment.

### COUNT V:

### UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES

### AMERICAN

68.   Plaintiff incorporates by reference all the foregoing paragraphs.

69.   In the course and conduct of their loan servicing and collection, Defendant in numerous instances, has represented, expressly or by implication, that fees assessed and collected by AMERICAN were (a) allowed under, the mortgage contract and (b) permitted by law.

70.   On numerous occasions, the fees assessed and collected by AMERICAN were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, AMERICAN improperly assessed and collected these fees.

71.   The actions of Defendant have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

72.   The acts or practices of Defendant constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff.

## COUNT VI:

### FAIR FORECLOSURE ACT
### AMERICAN

73.   The Plaintiff repeats each and every allegation of the previous paragraphs and incorporates them by reference herein as if they were set forth fully herein.

74.   N.J.S.A. 2A:50-57 (b)(3) prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

75.   The charges for costs and attorneys fees of the Defendant were in excess of the amount allowed pursuant to the statute and court rule R 4:42-9(a)(4).

76.     These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for a specific relief.

77.     The Plaintiff demand a return of the excess charges.


## COUNT VII:

### NEW JERSEY STATE COURT RULE
### AMERICAN

78.     The Plaintiff repeat each and every allegation of the previous count and incorporate them by reference herein.

79.     The Defendant's charges for costs and attorneys fees of the Defendant were in excess of the amount allowed by the New Jersey court rules including but not limited to R 4:42-9(a)(4) and R 4:42-10 (a).

80.     These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for specific relief.

81.     The Plaintiff request the return of the excess charges with interest.


## COUNT VIII:

### NEW JERSEY CONSUMER FRAUD ACT - AMERICAN

82.     The Plaintiff repeat each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

83.     The Defendant, AMERICAN has charged the illegal and/or excessive charges as outlined previously. The previously outlined actions by the

14

Defendant, AMERICAN are violations of rules, regulations and statutes for which the Defendant is strictly liable under the New Jersey Consumer Fraud Act.

84.     The Plaintiff has suffered an ascertainable loss of at least $ 1751.82 calculated based on the overcharges as reflected between the two reinstatement quotes as the other charges were not itemized it is likely there are other charges as well.

85.     The actions of the Defendant constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2 et .seq.

## COUNT IX:

## TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT - AMERICAN

86.     The Plaintiff repeat each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

87.     The Defendant, AMERICAN's, notice included illegal and/or excessive charges on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, and illegal late charges as outlined previously.

88.     The notice which demanded such illegal payments is a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act. N.J.S.A. 56:12-14

89.     The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

15

## COUNT IX

### Forfeiture of Interest

90. The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

91. The Defendant has charged and received the illegal and/or excessive interest on the loan; specifically by collecting the contract rate of interest after the entry of the final judgment of foreclosure which requires the collection of the judgment interest rate.

92. NJSA 31:1-3 provides that upon the collecting of illegal interest; all interest upon the loan is forfeited and only the principle may be collected.

93. The Plaintiff demands a return of all interest paid on the mortgage pursuant to NJSA 31:1-3.

WHEREFORE, the Plaintiff demands judgment against the Defendant for return of all interest paid on the loan, attorney's fees, and cost of suit.

## COUNT X:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

94. Plaintiff incorporates by reference all the foregoing paragraphs as if they were set forth fully herein.

95. AMERICAN is a debt collector as AMERICAN purchased the Plaintiff's loan after it was in default. The firm regularly engages in the collection of debt and meets the definition of a debt collector contained in 15 USC 1692(a)(6).

96.    Defendant AMERICAN has violated the Fair Debt Collection Practices Act 15

U.S.C. 1692 et seq (FDCPA) by their conduct, including, but not limited to:

    a)  attempting to collect amounts not permitted by law ( 15 U.S.C.

       § 1692f(1)) via its payoff letters listed as Exhibits "A" & "B";

    b)  using unfair and unconscionable collection methods (15 U.S.C.

       § 1692f);

    c)    Falsely representing the character, amount, or legal status of a debt, or

any services rendered or compensation which may be lawfully received by a

debt collector for collection of a debt, in violation of Section 807(2)(A) and (B)

of the FDCPA, 15 U.S.C. § 1692e(2)(A) and (B);

97.    The acts and practices alleged also constitute unfair or deceptive acts or

practices which constitutes a violation of the New Jersey Consumer Fraud Act and

are therefore actionable by the Plaintiff against defendant, LaSalle independently of

the Fair Debt Collection Practices Act.


## COUNT XI

## LICENSED LENDERS ACT

98.  The Plaintiff repeats each and every allegation of the previous counts

and incorporates them by reference herein as if they were set forth fully herein.

99.      Option One Mortgage Corporation at the time the loan was made was a

lender licensed pursuant to the New Jersey Licensed Lenders Act.

100.      AMERICAN as the successor to Option One is subject to the rules and

regulations of the New Jersey Licensed Lenders Act.

101. The Defendant has charged illegal and/or excessive charges on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, and illegal late charges as outlined previously.

102. NJSA 17:11C-28(a) provides that upon the charging of any illegal charges; all interest and other charges upon the loan are forfeited and only the principle may be collected.

103. The Plaintiff demands a return of all interest and other charges paid on the mortgage pursuant to NJSA 17:11C-28(a).

WHEREFORE, the Plaintiff demands judgment against the Defendant, AMERICAN for return of all interest paid on the loan, attorney's fees, and cost of suit.

## COUNT XII:

### JOHN DOE PARTIES

104. In addition to the persons named as Defendant, there may be others whose names are unknown to the Plaintiff and/or after diligent inquiry has not been able to ascertain. They are made parties to this action under the designation of John Does.

105. John Doe Servicer 1-100 are the unknown servicers of mortgages held by the Defendant AMERICAN.

106. John Doe Law Firm 1-100 are the unknown law firms which have represented AMERICAN or any of its Servicers.

## PRAYER FOR RELIEF

Wherefore Plaintiff requests that this court certify a class and award:

1.    Actual, special, and general damages according to proof;

2.    Statutory damages and penalties;

3.    Restitution and disgorgement according to proof;

4.    Injunctive relief against Defendant AMERICAN to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

5.    Prejudgment interest at the maximum legal rate;

6.    Punitive, exemplary and enhanced damages according to proof;

7.    Statutory punitive treble damages;

8.    An accounting;

9.    Declaratory Judgment as necessary to correct the wrongs inflicted on them;

10.    Litigation Expenses and Costs of the proceedings herein;

11.    Reasonable attorneys' fees; and

12.    All such other further relief as the Court deems just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned, Roger C. Mattson, Esq., and Lewis G. Adler, Esq.

are designated as trial counsel.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to

all issues of fact and/or law.

Dated:     1/2/09                         /s/ Roger C. Mattson, Esquire
                                          ROGER C. MATTSON, ESQ.
                                          Attorney for Plaintiff

# Exhibit A



Search | GO

□ Submit Request
□ Search Request
□ View Fees



www.ahm

## Reinstatement Quote

Sep 11, 2008

Attention To : Nancy Cummins
Fax Number : 949-790-8515

Borrower Name : John Oliver Iii
Loan Number : 0011444666

Property Address : 1122 Mullica Hill Rd,
Swedesboro, NJ 8082

Reinstatement Quote Good Through : 09/26/2008

|  |  |  |  |
|---|---|---|---|
| 3 | Payments @$ 2,225.54 | : $ | 6,676.62 |
| 2 | Payments @$ 2,305.88 | : $ | 4,611.76 |
| 6 | Payments @$ 2,186.65 | : $ | 13,119.90 |
| 1 | Payments @$ 2,055.02 | : $ | 2,055.02 |
| | Borrower Interview | : $ | 65.00 |
| | Foreclosure Attorney Fees | : $ | 1,935.00 |
| | Foreclosure Costs | : $ | 1,518.00 |
| | Property Inspections | : $ | 48.00 |
| | Property Valuations | : $ | 190.00 |
| | Accrued Late Charges | : $ | 1,004.16 |
| | NSF Check Fees | : $ | 47.40 |
| | Forecasted Late Charge | : $ | 78.99 |
| | Unapplied Funds | : $ | (195.55) |

3 453.00

TOTAL Servicer Reinstatement Amount : $   31,155.30

The amounts shown above are subject to change and may not reflect transactions that occur on or after th letter. AHMSI reserves the right to demand additional funds, prior to or after reinstatement of the loan to c error or omission made in good faith, whether clerical, typographical, or otherwise.

All payments made pursuant to a reinstatement quote expiring on a Saturday, Sunday or federal holiday m received on the business day immediately preceding the expiration date in order to be credited timely. Del on a non-business day will not be accepted and may cause a shortage in the reinstatement amount.

Please remit the amount shown in the form of a money order or certified funds (cashier's check, bank che check) via overnight mail to::

AHMSI
Attn: Cash Management
4600 Regent Blvd., Suite 200
Irving, TX75063

Should you have any questions regarding this matter, please contact AHMSI at the toll free number, 877-3 between the hours of 7:00 am CST to 9:00 pm CST Monday-Friday.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This notice

# Exhibit B

# Phelan Hallinan & Schmieg, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Fax: 856-813-5532

Representing Lenders in
Pennsylvania and New Jersey

September 26, 2008

Angelo Flaciano, Esq.
FaxK 856-845-3996

Re:     Phelan Hallinan & Schmieg, P.C. File No.: OPT-775
        Loan Number: 0011444866
        Mortgagor: JOHN W. OLIVER, III
        Property: 1122 MULLICA HILL ROAD SWEDESBORO NEW JERSEY 08062

Dear Mortgagor:

This letter is in response to your request for a reinstatement amount. As of September 26, 2008 the reinstatement amount owed is $29,403.48. However, the amount that you owe, including legal fees and costs, may increase between the date of this letter and the date that you reinstate your loan. This is because additional steps may occur in the foreclosure process and additional amounts may become due. If you have previously received a discharge in a Chapter 7 bankruptcy, this correspondence is not, and should not be construed to be, an attempt to collect a debt from you personally, but is only being provided for informational purposes pursuant to a request made by you or your agent to better benefit you.
It is our understanding that you intend to reinstate the loan at a future date. If you pay by 9/30/08, we estimate that the reinstatement amount will be as follows:

| | |
|---|---:|
| Monthly Payments Due (including payment due on 9/1/08) | $ 26,463.30 |
| Late Charges | $ 1,084.15 |
| NSF Fee | $47.40 |
| Property Inspections/BPO | $ 303.00 |
| Legal Fees and Costs through September 26, 2008 | $ 1,701.18 |
| Anticipated Additional Legal Fees and Costs through 9/30/08 | $ 0.00 |
| Unapplied Credit | $ -195.55 |
| Total Estimated Reinstatement Amount Due as of 9/30/08 | $ 29,403.48 |

Please note that this estimated reinstatement quote expires on 9/30/08.

If you want to reinstate your loan after 9/30/08, you must contact us for a new reinstatement amount. Please be advised that the reinstatement amount is subject to final verification by the Note holder. You will be responsible to reimburse the Note holder if it pays other taxes, insurance or other miscellaneous expenses allowed by law.

If you are moving or no longer live at the property, please provide us with a new address. If we receive legal fees and costs in excess of the amount you owe, they will be returned to you by mail.

There may be other options available to help you avoid foreclosure. You may contact your lender to discuss these options.

We will not accept personal checks. Please make your attorney trust check, title company check, certified check, bank order or money order payable to American Home Mortgage Servicing Inc. and mail or deliver the check directly to Phelan Hallinan & Schmieg, PC, 400 Fellowship Road, Suite 100, Mt. Laurel, NJ 08054, so that we receive it no later then 5:00 PM on 9/30/08.

Very truly yours,

Phelan Hallinan & Schmieg, PC
Jessica Hansbury

PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.