**REED SMITH LLP**
*Formed in the State of Delaware*
**Diane A. Bettino, Esquire**
**Princeton Forrestal Village**
**136 Main Street, Suite 250**
**Princeton, N.J. 08540**
**Tel. (609) 987-0050**
**Attorneys for Defendant,**
**American Home Mortgage Servicing, Inc.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

-----------------------------------------------X

JOHN W. OLIVER, III        :
Individually and as a class    :
representative on behalf of others  :
similarly situated        :
                :
     Plaintiff,        :
                :
     v.            :
                :
AMERICAN HOME MORTGAGE  :
SERVICING, INC.; AND JOHN   :
DOE SERVICERS 1-100 AND    :
JOHN DOE LAW FIRMS 1-10,   :
                :
     Defendants.      :
                :

Civil Action No:  1:09-cv-00001-NLH-JS

-----------------------------------------------X

## DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | | 2 |
| | A. | Plaintiff John W. Oliver, III | 2 |
| III. | LEGAL ARGUMENT | | 4 |
| | A. | Motion to Dismiss Standard | 4 |
| | B. | Plaintiff's Claims Are Barred By The Entire Controversy Doctrine | 6 |
| | C. | Plaintiff's Claims Are Also Barred By The Voluntary Payment Rule | 13 |
| | D. | As A Matter Of Law, A Sixteen Year Statute of Limitations Does Not Apply To The Plaintiff's Claims | 17 |
| | E. | In The Alternative, If The Entire Complaint Is Not Dismissed, Plaintiff's FDCPA Claim Against American Home Must Be Dismissed | 22 |
| | F. | In The Alternative, Plaintiff's Claims For Unfair and Deceptive Assessment and Collection of Fees Fail To State A Claim | 25 |
| | G. | In The Alternative, If The Entire Complaint Is Not Dismissed, The Fair Foreclosure Act Does Not Provide A Private Right Of Action | 25 |
| | H. | In The Alternative, Plaintiff's Claim Of Negligence Must Be Dismissed Because American Home Owed No Legal Duty To Plaintiff Under The Claims Presented | 27 |
| | I. | In The Alternative, There Is No Cause of Action For Alleged Violations Of The New Jersey Court Rules | 29 |
| | J. | In the Alternative, Plaintiff's Claim For "Forfeiture of Interest" Must Fail | 30 |
| | K. | In The Alternative, Plaintiff's Claim Under The Licensed Lender Act Fails To State A Valid Claim | 31 |
| | L. | Plaintiff's Claims For "John Doe Parties" Fail To State A Claim | 32 |
| IV. | CONCLUSION | | 32 |

# TABLE OF AUTHORITIES

**Page**

## Cases

*Allen v. LaSalle Bank, N.A., et al.,*
   Civil Action No. 08-2240 (AET) ........................................................ 10, 19, 20

*Associates Home Equity Services, Inc. v. Troup,*
   343 N.J. Super 254 (App. Div. 2001) ........................................................ 8, 10

*Atkinson v. Pittsgrove Tp.,*
   193 N.J. Super. 23 (Ch. Div. 1983) ........................................................ 15

*Aubert v. Am. Gen. Fin., Inc.,*
   137 F.3d 976 (7th Cir. 1998) ........................................................ 19

*Belfer v. Merling,*
   322 N.J. Super. 124 (App. Div. 1999) ........................................................ 11

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. 1955 (2007) ........................................................ 4

*Beneficial Finance Co. v. Dixon,*
   130 N.J. Super. 508 (Law Div. 1974) ........................................................ 15

*Bethel v. Jendoco Constr. Corp.,*
   570 F.2d 1168 (3rd Cir. 1978) ........................................................ 6

*Burlington County Country Club v. Midlantic National Bank South,*
   223 N.J. Super. 227 (Ch. Div. 1987) ........................................................ 16

*Central Penn. Nat'l Bank v. Stonebridge Limited,*
   185 N.J. Super. 289 (Ch. Div. 1982) ........................................................ 8

*Cogdell v. Hospital Center at Orange,*
   116 N.J. 7 (1989) ........................................................ 7

*Conley v. Gibson,*
   355 U.S. 41 (1957) ........................................................ 4

*County of Hudson v. Terminal Construction Corp.,*
   154 N.J. Super. 264 (App. Div. 1977) ........................................................ 16

*D'Angelo v. Miller Yacht Sales,*
   261 N.J. Super. 683 (App. Div. 1993) ........................................................ 14

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.,*
   740 N.Y.S.2d 396 (2d Dept. 2002) ........................................................ 12, 13

*DM Research v. Coll. of Am. Pathologists,*
   170 F.3d 53 (1st Cir. 1999) ........................................................ 5

*Donleavy v. Casey,*
    2006 WL 3770883 (N.J. App. Div. Dec. 26, 2006) ................................................................ 23

*Dunham v. Kudra,*
    44 N.J. Super. 565 (App. Div. 1957) ................................................................ 12, 14

*Ehnes v. Hronis,*
    127 N.J.L. 551 (E&A 1942) ................................................................ 16

*Fidelity Union Trust Co. v. Prudent Inv. Corporation,*
    129 N.J. Eq. 255 (Ch. Div. 1941) ................................................................ 16

*Flammia v. Maller,*
    66 N.J. Super. 440 (App. Div. 1961) ................................................................ 11

*Fleming v. Sussex Calcite Co.,*
    16 N.J. Misc. 67 (1938) ................................................................ 16

*Fries v. Norstar Bank, N.A.,*
    1988 WL 75773 (D. Md. Aug. 31, 1988) ................................................................ 19

*Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.,*
    499 N.Y.S.2d 435 (2d Dept. 1986) ................................................................ 11

*Globe Motor Car v. First Fidelity,*
    273 N.J. Super. 388 (Law Div. 1993), *aff'd,* 291 N.J. Super. 428 (App. Div.), *certif. denied,*
    147 N.J. 263 (1996) ................................................................ 23

*Hollings v. Hollings,*
    12 N.J. Super. 57 (App. Div. 1951) ................................................................ 16

*Humphrey v. Viacom, Inc.,*
    2007 WL 1797648 (D.N.J. June 20, 2007) ................................................................ 5

*In re Harris,*
    101 N.J. Eq. 5 (Ch. 1927) ................................................................ 17

*Joan Ryno, Inc. v. First Nat. Bank of South Jersey,*
    208 N.J.Super. 562 (App. Div. 1987) ................................................................ 8

*Kaselaan & D'Angelo Assocs., Inc. v. Soffian,*
    290 N.J. Super. 293 (App. Div. 1996) ................................................................ 6, 9

*Kernan v. One Washington Park Urban Renewal Assoc.,*
    154 N.J. 437 (1998) ................................................................ 23

*Leisure Technology v. Klingbeil,*
    137 N.J. Super. 353 (App.Div.1975) ................................................................ 8

*Leisure Technology-Northeast, Inc. v. Klingbeil,*
    137 N.J. Super. 353 (App. Div. 1975) ................................................................ 8

*Libby v. Union County Board of Chosen Freeholders,*
    125 N.J. Super. 471 (App. Div. 1973) ................................................................ 17

*Luppino v. Mizrahi*,
   326 N.J. Super 182 (App. Div. 1999) ............................................................ 9

*McNally v. Providence Washington Ins. Co.*,
   304 N.J. Super. 83 (App. Div. 1997) ............................................................ 9

*McNeill v. Zoref*,
   297 N.J. Super. 213 (App. Div. 1997) ............................................................ 6

*Molnar v. Hedden*,
   138 N.J. 96 (1994) ............................................................ 17

*Montclair Savings Bank v. Sylvester*,
   122 N.J. Eq. 518 (1937) ............................................................ 8, 9

*Morris v. Lower Merion School Dist.*,
   132 F.3d 902 (3rd Cir. 1997) ............................................................ 5

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*,
   998 F.2d 1192 (3rd Cir. 1993) ............................................................ 2

*Resolution Trust Corp. v. Berman Indus., Inc.*,
   271 N.J. Super. 56 (Law Div. 1993) ............................................................ 8

*Riemer v. St. Clare's Riverside Medical Center*,
   300 N.J. Super 101 (App. Div. 1997) ............................................................ 7

*Ross Systems v. Linden Dari-Delite, Inc.*,
   35 N.J. 329 (1961) ............................................................ 11

*Rycoline Prods. v. C & W Unlimited*,
   109 F.3d 883 (3rd Cir. 1997) ............................................................ 6, 9

*Smythe v. Inhabitants of New Providence Tp, et al.*,
   263 F. 481 (3rd Cir. 1920) ............................................................ 15, 16

*United Jersey Bank v. Kensey*,
   306 N.J. Super. 540 (App. Div. 1997) ............................................................ 23

*Watkins v. Resorts Int'l Hotel & Casino, Inc.*,
   124 N.J. 398 (1991) ............................................................ 9

*West Park Ave. v. Ocean Tp.*,
   48 N.J. 122 (1966) ............................................................ 14

*Whittingham v. MERS*,
   et al., 2007 U.S. Dist. LEXIS 33476 (D.N.J. 2007) .................................... 21, 22, 24

## Statutes

15 U.S.C. §1692a(6) ............................................................ 24

N.J.S.A. 2A:14-1 ............................................................ 20

**Other Authorities**

5 Wright & Miller,
   Federal Practice and Procedure §1216, at 235 (3d ed. 2004) .................................................. 10

5 Wright & Miller, Federal Practice and Procedure §1202, pp. 94 (3rd ed. 2004) ...................... 10

Myron C. Weinstein, 30A N.J. Practice, Law of Mortgages § 30.9 (2d ed. 2008) *R*. 4:30A,
   comment 5.6 ............................................................................................................................ 13

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 7

Fed.R.Civ.P. 12(b)(6) .................................................................................................................... 11

N.J.S.A. 17:11C-2 ......................................................................................................................... 32

N.J.S.A. 17:11C-28 ....................................................................................................................... 32

N.J.S.A. 2A:14-4 ........................................................................................................................... 21

N.J.S.A. 2A:15-48 ......................................................................................................................... 13

N.J.S.A. 31:1-1.1 ........................................................................................................................... 31

N.J.S.A. 31:1-3 ....................................................................................................................... 30, 31

## I.   **PRELIMINARY STATEMENT**

Pursuant to *Fed. R. Civ. P.* 12(b)(6), Defendant American Home Mortgage Servicing, Inc. ("American Home") moves to dismiss Plaintiff John W. Oliver, III's Complaint.

There are several reasons for the dismissal of Plaintiff's Complaint, including the Entire Controversy Doctrine and the Voluntary Payment Rule. These doctrines preclude Plaintiff from seeking to litigate the appropriateness of attorneys' fees and costs that were allegedly charged by Defendant and then paid by Plaintiff in the prior foreclosure proceeding and in connection with the settlement and dismissal of that action. These doctrines both require that any issues concerning such alleged overcharges to have been raised previously when the opportunity presented itself. Therefore, the claims are now barred.

Furthermore, to the extent that all claims are not dismissed, many of the other claims fail to state a claim upon which relief can be granted. Plaintiff fails to state a claim for negligence, for violations of Fair Debt Collection Practices Act ("FDCPA"), the Fair Foreclosure Act, the Licensed Lender Act, the Court Rules, for John Doe Parties, the "Forfeiture of Interest" and for unfair assessment of charges. In addition, Plaintiff's demand that this Court apply a sixteen (16) year statute of limitations, instead of the applicable six (6) year statute of limitations, should be stricken as a matter of law.

For all of the reasons set forth in this Motion, Plaintiff's Complaint should

be dismissed in its entirety.

## II.   <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

### A.   **Plaintiff John W. Oliver, III**

Plaintiff alleges that he signed a Note and Mortgage "under seal" in favor of Option One Mortgage Corp. on or about July 30, 2003. *Plaintiff's Complaint, ¶14.* After he defaulted, a foreclosure proceeding was instituted on or about January 3, 2008, against Plaintiff, on behalf of Option One Mortgage. *Id., ¶16.* On or about July 1, 2008, the loan was transferred or assigned to American Home. *Id., ¶17.* During the foreclosure proceeding, Plaintiff requested a reinstatement quote from American Home. *Id., ¶18.* American Home provided Plaintiff with the requested reinstatement letter on September 11, 2008, which included amounts for attorneys' fees and foreclosure costs. *Id., ¶19.* American Home sent this letter to Angelo Feliciano, Esq., the attorney who represented Plaintiff during his foreclosure proceeding.[1] *See Bettino Cert.,* **Ex. B**, Copy of American Home's account notes for Plaintiff's account. On or about September 19, 2008, Plaintiff paid the amount indicated on the reinstatement letter. *Id., ¶21.* American Home then dismissed the foreclosure action with prejudice. *Id., ¶23.*

---

[1] On a Motion to Dismiss, the Court can properly consider documents which were referred to in the Complaint. *See Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993). Plaintiff's Complaint refers to and attaches the reinstatement letter that was sent by American Home on September 11, 2008. That September 11, 2008 letter forms the basis of the Complaint. Therefore, the Court can properly consider the document in connection with this Motion.

The Complaint on behalf of putative class representative Plaintiff John W. Oliver, III was filed on or about January 2, 2009.   The Complaint contains the following claims:

Count I        Breach of Contract

Count II       Negligence

Count III      Breach of the Duty of Good Faith and Fair Dealing

Count IV       Unjust Enrichment

Count V        Unfair Fees

Count VI       Fair Foreclosure Act

Count VII      Violation of Court Rules

Count VIII     Consumer Fraud Act

Count IX       Truth in Consumer Contract, Warranty and Notice Act

Count X[2]     Forfeiture of Interest

Count XI[3]    Violations of the Fair Debt Collection Practices Act

Count XII[4]   License Lenders Act

Count XIII[5]  John Doe Parties

Defendant now moves to dismiss those claims.

---

[2] This Count is incorrectly referred to in the Complaint as another Count IX.

[3] This Count is incorrectly referred to in the Complaint as Count X.

[4] This Count is incorrectly referred to in the Complaint as Count XI.

[5] This Count is incorrectly referred to in the Complaint as Count XII.

### III.   **LEGAL ARGUMENT**

### A.   **Motion to Dismiss Standard**

The U.S. Supreme Court recently revised the long-standing motion to dismiss standard originally expressed in *Conley v. Gibson,* 355 U.S. 41 (1957).  In revising the standard, the Court found that a Complaint must contain more than "labels and conclusions," and that the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

In articulating this new standard, the Court held that "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 1965, n.3.  The Court instructed that "'the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Id.* at 1965, *quoting* 5 Wright & Miller*, Federal Practice and Procedure* §1216, at 235-236 (3d ed. 2004).  Moreover, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id., quoting* 5 Wright & Miller, *Federal Practice and Procedure* §1202, pp. 94, 95 (3rd ed. 2004).

While a Court must accept plaintiffs' allegations as true for purposes of a Motion to Dismiss brought pursuant to *Fed.R.Civ.P.* 12(b)(6), the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *Humphrey v. Viacom, Inc.*, 2007 WL 1797648, *3 (D.N.J. June 20, 2007), *quoting Morris v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3rd Cir. 1997). Rather, "the plaintiff must allege sufficient facts in the complaint to survive a Rule 12(b)(6) motion. "A plaintiff who fails to allege basic facts in support of his claims should not be allowed to proceed." *Morris,* 132 F.3d at 906, *citing DM Research v. Coll. of Am. Pathologists,* 170 F.3d 53, 55-56 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.") Plaintiff's Complaint fails to meet the newly articulated standard and his claims must be dismissed because his claims are barred by the Entire Controversy Doctrine and Voluntary Payment Rule and fail to state a claim upon which relief could be granted.

**B.   Plaintiff's Claims Are Barred By The Entire Controversy Doctrine.**

Plaintiff's claims, which are based entirely on fees and costs charged in the context of a prior foreclosure action, are barred by New Jersey's Entire

Controversy Doctrine.[6] This doctrine is applied by Federal Courts through the Full Faith and Credit Doctrine and requires parties to fully litigate all aspects of a dispute in a single legal proceeding. *See Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3rd Cir. 1997); *Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 290 N.J. Super. 293, 299 (App. Div. 1996). As Plaintiff's Complaint indicates, the alleged overcharges arose during the pendency of a foreclosure proceeding and therefore he, along with his foreclosure counsel Mr. Feliciano, had a full and fair opportunity to challenge any allegedly improper fees. *See Comp. at ¶16*. Instead, with the benefit of legal counsel, he chose to pay the fees and obtain a discharge of the foreclosure proceeding. *See Comp. at ¶¶21 and 23*. Through the application of the Entire Controversy Doctrine, he is now precluded from arguing the appropriateness of these fees and costs in any subsequent action.

The threefold objectives behind the entire controversy doctrine are 1) to encourage comprehensive and conclusive determination of a legal controversy; 2) to achieve party fairness, including both parties before the court as well as prospective parties; and 3) to promote judicial economy and efficiency by avoiding fragmented, multiple, and duplicative litigation. *McNeill v. Zoref*, 297 N.J. Super. 213, 223 (App. Div. 1997). Courts have also stated that the Doctrine is intended to

---

6 Affirmative defenses can serve as a basis for a 12(b)(6) motion where they are apparent on the face of the complaint. *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3rd Cir. 1978).

"conserve judicial resources; judicial energy is not inexhaustible or endlessly renewable.   Thus, a rule that can control litigational extravagance and reduce piecemeal litigation is a necessity."   *Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 24 (1989).   The Entire Controversy Doctrine requires litigants to raise all affirmative claims that one party might have against another party, including counterclaims and cross-claims, in a single proceeding.   *Bettino Cert.*, **Ex. C**, Opinion in *Boothby v. Melndez*, Docket No. A-4001-07T1.   Essential to this Doctrine is the understanding that where a party has decided to hold back from the initial lawsuit a related component or controversy, he will thereafter be barred from raising it by the entire controversy doctrine.   *Riemer v. St. Clare's Riverside Medical Center,* 300 N.J. Super 101, 108 (App. Div. 1997).

The Entire Controversy Doctrine applies only to "germane" claims or counterclaims in a mortgage foreclosure action.[7]   *See R.* 4:30A, comment 5.6; Myron C. Weinstein, 30A N.J. Practice, Law of Mortgages § 30.9 (2d ed. 2008). Courts have held that the "single controversy doctrine…requires a liberal rather than narrow approach to the question of what issues are 'germane.'   *Leisure*

---

[7] The entire controversy doctrine must also be read in conjunction with the rules and statutes regarding "set-offs".   *R.* 4:7-1 states "either failing to comply with *R.* 4:30A (entire controversy doctrine) or failing to set off a liquidated debt or demand or a debt or demand capable of being ascertained by calculation, shall thereafter be precluded from bringing any action for such claim or for such debt or demand which might have been so set off." *See also, N.J.S.A.* 2A:15-48 ("Any defendant failing to set off a liquidated debt or demand, or a debt or demand capable of being ascertained by calculation, shall thereafter be precluded from bringing any action for such debt or demand.")

*Technology-Northeast, Inc. v. Klingbeil*, 137 N.J. Super. 353, 358 (App. Div. 1975). Some courts have defined the term "germane" in the foreclosure context to mean "the counterclaim must be for a claim arising out of the mortgage foreclosed." *Joan Ryno, Inc. v. First Nat. Bank of South Jersey*, 208 N.J.Super. 562, 570 (App. Div. 1987)(*citing Leisure Technology v. Klingbeil*, 137 N.J. Super. 353, 356 (App.Div.1975). Other courts have held that the only defenses in a foreclosure action include those challenging the validity of the mortgage or note, the maturity of the obligation, the capacity to sue, and <u>the quantum or amount of the debt</u>. *Montclair Savings Bank v. Sylvester*, 122 N.J. Eq. 518, 522 (1937)(*emphasis added*); *See also, Associates Home Equity Services, Inc. v. Troup*, 343 N.J. Super 254 (App. Div. 2001)(a foreclosure action is "a quasi *in rem* procedure, *Resolution Trust Corp. v. Berman Indus., Inc.*, 271 N.J. Super. 56, 62 (Law Div. 1993), to determine not only the right to foreclose, but also the amount due on the mortgage. *Central Penn. Nat'l Bank v. Stonebridge Limited*, 185 N.J. Super. 289, 302 (Ch. Div. 1982).")

In *Leisure Technology*, the court held that an affirmative defense relating to the plaintiff's wrongful and fraudulent actions subsequent to the execution of the mortgage which caused the default was "germane" to the proceedings. *Leisure Technology,* 137 *N.J. Super.* at 356. The Appellate Court held that based on the single controversy doctrine, prior cases disallowing defenses to be raised unless they went directly to the validity or existence of the underlying mortgage were no

longer controlling. *Id.*

The Entire Controversy Doctrine applies not only to claims that were fully litigated, but also those that settled. *See Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 290 N.J. Super. 293, 299 (App. Div. 1996); *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887-89 (3rd Cir. 1997); *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 415 (1991). In *Luppino*, the court held that where the defendants previously settled their disputes with the plaintiff, any claims relating to the return of their security deposits should have been raised at that time and were subsequently barred. *Luppino v. Mizrahi*, 326 N.J. Super 182, 186 (App. Div. 1999). This Doctrine also bars claims that arose during the pendency of a prior proceeding. *See McNally v. Providence Washington Ins. Co.*, 304 N.J. Super. 83, 92 (App. Div. 1997)("if during the pendency of litigation, a constituent claim arises which is part of the entire controversy, the claimant must seek leave to file a supplemental pleading … and if the claimant fails to so move, he will ordinarily be barred from raising the claim in a subsequent suit.")

Given these general principles, it is evident that Plaintiff's attempt to litigate costs and fees charged during the pendency of his prior foreclosure action is barred by the Entire Controversy Doctrine. Courts have consistently held that the quantum or amount of a debt is "germane" to any foreclosure proceeding and any challenges to these amounts should be raised in the underlying action. *Montclair Savings Bank v. Sylvester*, 122 N.J. Eq. 518, 522 (1937); *See also Associates Home*

*Equity Services, Inc. v. Troup*, 343 N.J. Super 254 (App. Div. 2001). Plaintiff's decision to settle the foreclosure action and forego any challenge to the fees and costs charged in that prior case bars any subsequent lawsuits for those same amounts.

Moreover, there can be little doubt that Plaintiff had a fair and reasonable opportunity to challenge these amounts in the underlying proceeding. The reinstatement letter that is at issue in this litigation was sent to the office of Plaintiff's foreclosure attorney. *See Bettino Cert.,* **Ex. B**. In *Allen v. LaSalle Bank, N.A., et al.,* Judge Thompson considered a similar claim brought by Mr. Adler in which the plaintiff alleged that overcharges of attorneys' fees and costs in connection with foreclosure proceedings violated various laws. In dismissing plaintiff's FDCPA claim Judge Thompson noted:

> The Court finds that each of these alleged overcharges and deceptive statements would be readily recognized as overcharges by a competent attorney representing a debtor in a foreclosure action. Such an attorney can be assumed to be familiar with the applicable state court statutes and rules limiting allowable costs, attorneys' fees and interest and is certainly familiar with the provisions of his or her own client's mortgage agreement. Similarly, such an attorney would be familiar with the usual costs associated with prosecuting a foreclosure action and would be on guard for overcharges of costs and fees normally assessed in such actions.

*See Allen v. LaSalle Bank, N.A., et al.*, Civil Action No. 08-2240 (AET), attached Bettino Cert. as **Ex. D**. Given the fair and reasonable opportunity to previously raise his claims, the "germaneness" of the claims to the prior foreclosure proceeding, and Plaintiff's decision to settle the foreclosure action in exchange for

a dismissal, Plaintiff's claims are appropriately barred by the Entire Controversy Doctrine.

## C.  Plaintiff's Claims Are Also Barred By The Voluntary Payment Rule.

The Voluntary Payment Rule is a well-established principle of the common law of New Jersey.  That Rule provides that when payments are made "under a mistake of law or in ignorance of law, but with full knowledge of the facts," those payments cannot be recovered absent a showing of fraud or duress.  *Flammia v. Maller*, 66 N.J. Super. 440, 459 (App. Div. 1961); *see also, Ross Systems v. Linden Dari-Delite, Inc.*, 35 N.J. 329, 334 (1961); *Belfer v. Merling*, 322 N.J. Super. 124, 138 (App. Div. 1999).  Under the Rule, "a mistake of law occurs where a person is truly acquainted with the existence or non-existence of facts, but is ignorant of or comes to an erroneous conclusion as to their legal effect."  *Flammia*, 66 N.J. Super. at 459.  The Rule is based on the principle that "[w]hen a party intends to resort to litigation in order to resist paying an unjust demand, that party should take its position at the time of the demand, and litigate the issue before, rather than after, payment is made . . . ."  *Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*, 499 N.Y.S.2d 435, 439 (2d Dept. 1986).[8]  In *West Park Ave. v. Ocean Tp.*, the New

---

[8] The Voluntary Payment Rule is uniform in those states that recognize it, much like other common law defenses such as comparative negligence, res judicata, etc. are the same.  The elements for the application of the Voluntary Payment Rule in New York are the same as those in New Jersey and consideration of New York law is therefore appropriate.

Jersey Supreme Court explained that if litigation is threatened or brought, the claims should be litigated at that time:

> Absent some other oppressive circumstances, the payor should have met the claim when it was advanced. He ought not to have the right to select his own time to fight and thus leave the payee uncertain with respect to use of the moneys and perhaps at a testimonial disadvantage as a result of the passage of time.

*West Park Ave. v. Ocean Tp*, 48 N.J. 122, 129 (1966);. *See also Dunham v. Kudra*, 44 N.J. Super. 565, 571-72 (App. Div. 1957).

Even if a party pays a fee or charge without knowledge that it was an illegal penalty or of the legal ramifications of the fee or charge, he or she is unable to recover those amounts under the Rule. That is, a party does not have to have knowledge of or understand the legal ramifications of the charge in order for the Voluntary Payment Rule to apply. For example, in *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396 (2d Dept. 2002), a cable television subscriber brought a prospective class action asserting that she had been charged an improper late fee. The plaintiff in *Dillon* argued that the late fee did not reflect actual or reasonably anticipated costs incurred by the defendant and, therefore, was an impermissible liquidated damages provision and an unlawful penalty. *See Dillon*, 740 N.Y.S.2d at 397. The trial court dismissed the complaint based on the Voluntary Payment Rule and the appellate court affirmed. The appellate court noted that even assuming plaintiff paid the fees without knowledge that it did not reflect defendant's actual costs (or an accurate estimate thereof) and

paid it without knowledge that the fee was an illegal penalty:

> the plaintiff nevertheless was fully aware that she would be charged [the] late fee if she did not make timely payment. Despite this knowledge, she made several late payments and voluntarily paid the late fees. **Having full knowledge of the late fee and the circumstances under which it would be imposed, the plaintiff cannot rely on her misconception of the actual costs associated with late payments to defeat application of the voluntary payment doctrine.**

*Id.* at 398 (emphasis added).

The same rationale applies here with more force because Plaintiff alleges that the proper charges are publicly available in the court rules and statutes. Plaintiff alleges a foreclosure proceeding was instituted against him on or about January 3, 2008. *Comp. at ¶16.* During the course of the foreclosure proceeding, he requested a reinstatement quote from American Home. *Id., ¶18.* A reinstatement letter was sent from American Home to Plaintiff's attorney on or about September 11, 2008. *See Bettino Cert.,* **Ex. B.** Plaintiff, while being represented by counsel, paid the fees reflected in American Home's reinstatement letter and American Home dismissed the foreclosure action. *Id., ¶21.* Now, 7 months later, Plaintiff has brought a Complaint alleging that the reinstatement letter from American Home included amounts for fees and costs that were not recoverable by law. *Comp at ¶ 25.*

Plaintiff's claims are barred by the Voluntary Payment Rule because he voluntarily paid the alleged disputed amounts and in exchange obtained a dismissal

of the foreclosure proceeding with prejudice. If Plaintiff or his foreclosure attorney believed that the reinstatement letter was incorrect in some respect, they should have challenged the demand at that time within the pending foreclosure litigation. The New Jersey case law is clear on this point – if there was an adequate avenue to challenge the demanded fees at the time of the payment and they were not disputed, but instead paid, the claims are subsequently barred. *See West Park*, 48 N.J. at 129; *Dunham v. Kudra*, 44 N.J. Super. at 571-72.

**D.     As A Matter Of Law, A Sixteen Year Statute of Limitations Does Not Apply To The Plaintiff's Claims.**

The essence of the Plaintiff's claims is that American Home charged improper amounts in connection with his foreclosure action. Plaintiff seeks to have this Court apply a sixteen year statute of limitations to the claims of the putative class:

> 31.    The Plaintiff proposes a class as 1) Individuals who have had home loans held or serviced by the Defendant, AMERICAN, in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement from the Defendant whose home loan was in default; 3) and who were charged attorneys and/or other costs which were in excess of the amount actually incurred and/or excess of the amount allowed by law.

*Comp., ¶31.* However, the applicable statute of limitations for claims relating to property is six years. *See N.J.S.A.* 2A:14-1. *See also D'Angelo v. Miller Yacht Sales*, 261 N.J. Super. 683, 688 (App. Div. 1993)(claims for common law fraud and violations of the Consumer Fraud Act are subject to six year statute of

limitations); *Atkinson v. Pittsgrove Tp.*, 193 N.J. Super. 23, 29 (Ch. Div. 1983)(claims for damage to property subject to six year statute of limitations).

In the Complaint, Plaintiff alleges that his mortgages and notes were signed "under seal." *Comp., ¶¶15, 23.* Although not explicitly stated in the Complaint, the only statute of limitations with a sixteen year statute of limitations related to documents "under seal" is *N.J.S.A.* 2A:14-4.[9] The relevant portion of *N.J.S.A.* 2A:14-4 states that it is applicable to "Every action at law ... upon an obligation under seal conditioned for the payment of money only ..." In other words *N.J.S.A.* 2A:14-4, by its express language applies only to claims seeking to enforce monetary obligations under documents such as bonds or notes "for the payment of money only" which was promised by those bonds or notes. *See also Smythe v. Inhabitants of New Providence Tp, et al.*, 263 F. 481, 488 (3rd Cir. 1920)(New Jersey Courts have construed the statute to cover actions 'upon sealed instruments for the payment of money only."). However, Plaintiff is not suing on a contract under seal for the payment of money but rather, to recoup alleged overpayments for attorneys' fees and costs that he made in response to a requested reinstatement letter.

The case law interpreting this somewhat antiquated statute confirms that its

---

9 A determination of whether a documents was "under seal" is a question for the Court upon inspection of each document. *Beneficial Finance Co. v. Dixon*, 130 N.J. Super. 508, 511-512 (Law Div. 1974). Such an inquiry would make claims concerning those mortgages wholly inappropriate for class certification.

application is restricted to the enforcement of monetary obligations in documents under seal. The following cases were brought by creditors seeking to enforce the payment of money obligated by documents under seal, such as a contract, bond or surety. *See, County of Hudson v. Terminal Construction Corp.,* 154 N.J. Super. 264 (App. Div. 1977); *Alexander v. Manza*, 132 N.J.L. 374 (E&A 1945)(Action on mortgage deficiency filed by creditor governed by sixteen year statute of limitations); *Ehnes v. Hronis,* 127 N.J.L. 551 (E&A 1942)(Action on amounts due under mortgage subject to sixteen year statute of limitations); *Fidelity Union Trust Co. v. Prudent Inv. Corporation*, 129 N.J. Eq. 255, 262 (Ch. Div. 1941)(Action on mortgage deficiency brought by creditor subject to sixteen year statute of limitations); *Fleming v. Sussex Calcite Co.*, 16 N.J. Misc. 67 (1938)(Action for recovery of amount for coupons attached to bonds); *Smythe v. Inhabitants of New Providence Tp. Sammis*, 253 F. 824 (D.N.J. 1918)(Action to recover amount due on bonds and coupons).

The only cases brought affirmatively by debtors under *N.J.S.A.* 2A:14-4 were those seeking to have a debt under a bond, note or security cancelled or to have title cleared. *See Burlington County Country Club v. Midlantic National Bank South*, 223 N.J. Super. 227 (Ch. Div. 1987)(Quiet title action denied because country club had not tendered payment and because sixteen year statute of limitations had not run); *Hollings v. Hollings*, 12 N.J. Super. 57 (App. Div. 1951)(Quiet title claim denied by court even though sixteen year statute of

limitations for enforcement of note had expired because equity requires payment of debt); *In re Harris*, 101 N.J. Eq. 5 (Ch. 1927)(Petition to cancel bond refused)

None of the cases in which *N.J.S.A.* 2A:14-4 was applied involved the types of consumer-based claims asserted by Plaintiff. As set forth above, the cases brought by debtors under *N.J.S.A.* 2A:14-4 were attempts by those debtors to clear the title to their properties of prior liens and obligations "under seal" – not to seek "damages" as a result of alleged improper attorneys' fees and costs that they paid. Under Plaintiff's expansive interpretation, any breach of contract claim, no matter how tangentially related to a contract under seal, would be entitled to a sixteen year statute of limitations, no matter what the issue or complaint was.[10] Such a position is contrary to the purpose of limitation statutes whose "principal consideration…is fairness to the defendant…by protecting against the litigation of stale claims, stimulating diligent prosecution of claims, penalizing dilatoriness, and serving as a measure of repose." *Molnar v. Hedden*, 138 N.J. 96, 102 (1994). Plaintiff's attempt to stretch the already long six year statute of limitations to sixteen years must be rejected by this Court and the claim must be stricken from the Complaint.

---

10 Under the rules for statutory construction, statutes should be interpreted to avoid unreasonable results. *Libby v. Union County Board of Chosen Freeholders*, 125 N.J. Super. 471, 474 (App. Div. 1973) ("When considering a statute, interpretations which lead to absurd or unreasonable results are to be avoided.")

**E.    In The Alternative, If The Entire Complaint Is Not Dismissed, Plaintiff's FDCPA Claim Against American Home Must Be Dismissed**.

In Count XI, Plaintiff claims that American Home is liable under the FDCPA as a debt collector.  *See* Complaint at ¶16.    However, American Home is not defined as a debt collector under the Act and therefore Plaintiff's claim fails as a matter of law.  Moreover, the allegations made in Complaint do not constitute a violation of the FDCPA, providing the Court with another basis to dismiss Plaintiff's FDCPA claim.

The FDCPA applies only to "debt collectors" and generally does not apply to creditors collecting their own debt.  15 *U.S.C.* §1692a(6).  The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 *U.S.C.* §1692a(6)[emphasis added].  As the text of the statute demonstrates, the FDCPA applies only to organizations engaged to collect debts on behalf of others.

One who is a creditor is generally not a debt collector.  15 *U.S.C.* §1692a(6) (A) ("The term ['debt collector'] do not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."), and a creditor is not governed by the FDCPA.  Courts have consistently recognized that creditors collecting their own debts fall outside the reach of the FDCPA.  *Fries v.*

*Norstar Bank, N.A.*, 1988 WL 75773, *2-3 (D. Md. Aug. 31, 1988) ("In order for any of the defendants to fall within the jurisdictional reach of this statute, they must first fit into the definition of a 'debt collector' detailed in §1692a(6)"); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (holding that those who collect in their own name and on behalf of themselves are not subject to the FDCPA).

Here, Plaintiff's Complaint alleges that the loan was transferred or assigned to American Home on or about July 1, 2008. *Comp. at ¶ 17.* Sometime in September of 2008, Plaintiff allegedly requested a reinstatement letter from American Home, which was subsequently provided. Even if this communication could constitute a violation of the FDCPA, which American Home strongly disputes, American Home is not a debt collector under the Act, and therefore cannot be subject to liability.

Moreover, the communications which are at issue in this case cannot serve as the basis for a violation under the FDCPA. In a recent case that is directly on point, the District Court in *Allen v. LaSalle Bank, N.A.* considered whether a payoff statement which was sent to a borrower's attorney and contained allegedly improper amounts of attorney's fees and other costs, could constitute a violation

under the FDCPA.[11]  *See Bettino Cert,* **Ex. D**, Memorandum and Order from *Allen v. LaSalle Bank, N.A., et al.*, Civil Action No. 08-2240 (AET).  The Court found that there was no *per se* immunity for statements made to attorneys, but a court should evaluate the statements "from the perspective of the competent attorney, not the least sophisticated consumer."  *Id.* at 9.  The Court found that the alleged overcharges and deceptive statements, which are the same as those being alleged in the present action, "would be readily recognized as overcharges by a competent attorney representing a debtor in a foreclosure action."  *Id.* at 11.  The Court went on to state that such an attorney would be familiar with the appropriate statutes and court rules limiting such costs and fees and therefore, could not be deceived.  *Id.*  The Court held that plaintiff's complaint failed to state a claim on which relief could be granted under the FDCPA and dismissed plaintiff's claims.

Here, the allegedly improper reinstatement letter was sent to the office of Angelo Falciani, Esq., the attorney who was representing Plaintiff in the foreclosure action. *See Bettino Cert.,* **Ex. B**.  Given this fact, any allegedly improper communications will be examined from the viewpoint of a competent attorney. *See Bettino Cert.,* **Ex. D**, *Allen* at 11.  As the Court recognized in *Allen*, communications which included allegedly improper amounts relating to attorneys' fees and costs, cannot mislead a competent attorney and are therefore insufficient

11 It is also worth noting that the plaintiff in that case was represented by Roger Mattson, Mr. Adler's law partner.

to state a claim under the FDCPA.  For these reasons, Plaintiff's FDCPA claim must be dismissed.

**F.     In The Alternative, Plaintiff's Claims For Unfair and Deceptive Assessment and Collection of Fees Fail To State A Claim.**

In Count V, Plaintiff asserts a claim for what he calls "unfair and deceptive assessment and collection of fees."  There is no cognizable cause of action in New Jersey for such a purported claim and it should be dismissed.  To the extent that Plaintiff seeks redress for alleged fraud, he has already asserted such a claim in Count VIII and therefore, Count V is duplicative and should be dismissed.

**G.     In The Alternative, If The Entire Complaint Is Not Dismissed, The Fair Foreclosure Act Does Not Provide A Private Right Of Action.**

Plaintiff seeks to proceed with a claim under the Fair Foreclosure Act in Count VI, claiming that American Home charged amounts in excess of the amounts allowable under that statute.   The Fair Foreclosure Act does not provide a private remedy and this claim must be dismissed.   In a similar case titled *Whittingham v. MERS, et al.* which was recently brought by Plaintiff's Counsel, Judge Kugler dismissed the identical claims under the Fair Foreclosure Act, finding that there was no private right of action:

> Plaintiff alleges that Defendants violated the attorney's fee provision of the FFA by including unreasonable and unallowable counsel fees in the payoff balance, which Plaintiff paid.  As a remedy, Plaintiff demands reimbursement of the excess counsel fees from Zucker.  The Court finds that the FFA does not provide such a remedy to Plaintiff.  The statutory language is silent as to reimbursement of fees in this manner, and plaintiff cites no case law to support her contention that the FFA provides a private right of

action. Therefore, the Court grants Zucker's motion to dismiss with regard to Count XI.

*Bettino Cert.,* **Ex. E***, Whittingham v. MERS*, et al., 2007 U.S. Dist. LEXIS 33476, *13 (D.N.J. 2007). The rationale utilized in *Whittingham* applies with equal force here, as Plaintiff is asserting the same claim in the case at bar.[12] Moreover, the Fair Foreclosure Act was created to provide homeowners every opportunity to keep their homes, to which end the Act "creates a variety of procedures by which a debtor can cure a default on a mortgage." *Bettino Cert.,* **Ex. D***, Whittingham v. MERS*, et al., 2007 U.S. Dist. LEXIS 33476, *16 (D.N.J. 2007). The Fair Foreclosure Act was created as a shield to protect homeowners from foreclosure and not as the sword Plaintiff is attempting to use against American Home.

**H.   In The Alternative, Plaintiff's Claim Of Negligence Must Be Dismissed Because American Home Owed No Legal Duty To Plaintiff Under The Claims Presented.**

Plaintiff fails to state a valid negligence claim because Plaintiff has not, and cannot, plead the breach of a legal duty on the part of American Home. Plaintiff makes a general and conclusory allegation that American Home owed him a duty of care in the servicing of his loans. *Comp.,* ¶ *51.* However, New Jersey courts do not recognize a legal duty where the parties are in an adversarial posture in a loan transaction. Here, the reinstatement quote that is the basis for Plaintiff's claims,

---

12 In *Whittingham,* the Plaintiff alleged some of the same exact claims alleged in this case. *Bettino Cert.,* **Ex. E.**

was served on counsel for Plaintiff while the parties were directly adverse in a pending foreclosure action.   There is little doubt that American Home, as an adversary in an ongoing litigation, owed no legal duty to Plaintiff and as such, Plaintiff's negligence claim fails as a matter of law.

Under New Jersey law, an alleged negligence claim must be premised upon an alleged duty and a departure from the standard of care owed to another.   As such, "[t]o recover under a negligence theory, it is paramount that a defendant first owe the plaintiff a duty." *Kernan v. One Washington Park Urban Renewal Assoc.*, 154 N.J. 437, 445 (1998).   "[T]o establish a negligence claim there must be a finding that the defendant owed some duty to the party complaining and a breach of that duty."  *Globe Motor Car v. First Fidelity*, 273 N.J. Super. 388, 393 (Law Div. 1993), *aff'd*, 291 N.J. Super. 428 (App. Div.), *certif. denied*, 147 N.J. 263 (1996).   New Jersey courts have recognized that lenders do not owe a legal duty to borrowers on the other side of a loan transaction.  *See   United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 557 (App. Div. 1997), *see also Donleavy v. Casey*, 2006 WL 3770883 (N.J. App. Div. Dec. 26, 2006).   The recent Appellate Division case *Donleavy*, reiterates that the relationship between a bank and its borrower does not give rise to a legal duty that would support a negligence claim.  *Donleavy v. Casey*, 2006 WL 3770883 (App. Div. Dec. 26, 2006).   Here, not only were the parties on the opposite sides of the loan transaction, but when the reinstatement

letter was sent, they were in a legally adversarial posture in the pending foreclosure litigation.

Applying the clear holding of these cases to this matter, Plaintiff's negligence claim fails as a matter of law.  Given the nature of the transaction at issue, it is evident that American Home, as an adverse party in a pending litigation, owed Plaintiff no legal duty.  Plaintiff's failure to plead a valid legal duty on the part of American Home is fatal to his claim of negligence.

**I.     In The Alternative, There Is No Cause of Action For Alleged Violations Of The New Jersey Court Rules.**

In Count VII, Plaintiff brings a claim for an alleged violation of the New Jersey Court Rules.  Again, that same claim was brought by Plaintiff's Counsel in the *Whittingham* case and was dismissed by Judge Kugler:

> Plaintiff alleges that Zucker violated New Jersey Court Rules 4:49-2(a)(4) and 4:42-10(a), and demands the return of excess charges, with interest.  However, the New Jersey Court Rules are procedural in nature, and provide no independent cause of action whereby a plaintiff can pursue a remedy for a violation of the rules.  Therefore, the Court grants Zucker's motion to dismiss Count XII.

*Bettino Cert.,* **Ex. D***, p. 14*.  As Judge Kugler previously instructed Plaintiff's Counsel in this case, there is no private cause of action under the New Jersey Court Rules and therefore, Count VII of the Amended Complaint should be dismissed.

**J.     In the Alternative, Plaintiff's Claim For "Forfeiture of Interest" Must Fail.**

In Count X, Plaintiff claims that all interest with respect to his loan was

forfeited by American Home and demands a return of all interest paid on the mortgage. Plaintiff bases this claim on *N.J.S.A.* 31:1-3. However, this statute is inapplicable to the action before the Court and Plaintiff's transaction is expressly exempted.

The statute referenced is part of New Jersey's usury statute. The text of the statute referenced in Plaintiff's Complaint applies only to "<u>actions to enforce any note</u>, bill, bond, mortgage, contract, covenant, conveyance, or assurance, <u>for the payment or delivery of any money</u>, wares, merchandise, goods, or chattels lent." *N.J.S.A.* 31:1-3[emphasis added]. The plain language of the statute indicates that this remedy applies only to those actions seeking to enforce a note or mortgage for the payment of money. *Id.* However, Plaintiff's Complaint seeks the recovery of money damages in connection with a reinstatement letter which was sent by American Home. The statute cited by Plaintiff was clearly meant to create a defense for defendants who were being sued for the enforcement of a note or mortgage and is inapplicable to the affirmative action brought here by Plaintiff.

Moreover, Plaintiff's transaction which is secured by a lien on his property is expressly exempted by the statute. Under the section governing the lawful rate of interest, the statute states "nor shall anything in this act apply to loans secured by a first lien on real estate on which there is erected or to be erected a structure containing one, two, three, four, five or six dwelling units." *N.J.S.A.* 31:1-1.1. Given the obvious inapplicability of *N.J.S.A.* 31:1-3, Plaintiff is unable to maintain

any claim for the "forfeiture of interest" and Count X must be dismissed.

**K.    In The Alternative, Plaintiff's Claim Under The Licensed Lender Act Fails To State A Valid Claim.**

Like many of his claims, Plaintiff seeks relief under an entirely inapplicable statute to this matter.   Count XII of Plaintiff's Complaint alleges that *N.J.S.A.* 17:11C-28(a) provides that upon the charging of any illegal interest, only the principal can be collected.  Comp. at ¶102.  Yet, a cursory review of the statutory provision cited by Plaintiff and under which he seeks to recover reveals that it is only applicable to "secondary lenders."  *N.J.S.A.* 17:11C-28.   A secondary mortgage loan is defined as loan which is secured by real property which is subject to one or more prior mortgage liens on the property. *N.J.S.A.* 17:11C-2.  Here, the transaction at issue is related only to the primary mortgage held by American Home.  Therefore, Plaintiff's attempt to hold American Home liable and recover under a statutory provision that is only applicable to secondary lenders must fail.

**L.    Plaintiff's Claims For "John Doe Parties" Fail To State A Claim.**

In Count XIII, Plaintiff includes a claim titled "John Doe Parties."  There is no such cause of action in New Jersey and Count XIII should be dismissed.

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, it is respectfully requested that this Court dismiss Plaintiff's Complaint against American Home with prejudice.

**REED SMITH LLP**

Attorneys for Defendant


_____/s/_____
Diane A. Bettino

Dated: March 13, 2009