# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (CAMDEN VICINAGE)

**LEWIS G. ADLER, ESQUIRE**
**26 NEWTON AVENUE**
**WOODBURY, NJ 08096**
**(856)845-1968**
**ATTORNEY FOR PLAINTIFF**
_____

|  |  |
|---|---|
| **JOHN W. OLIVER, III** | : |
| **Individually and as a class representative** | : **1:09-cv-000001 NLH-JS** |
| **On behalf of others similarly situated** | : |
|  | : |
| **Plaintiff** | : |
|  | : |
| **vs.** | : |
|  | : |
| **AMERICAN HOME MORTGAGE** | : |
| **SERVICING, Inc.** | : |
| **AND JOHN DOE SERVICERS 1-100** | : |
| **AND JOHN DOE  LAW FIRMS 1-10** | : |
| **Defendant.** | : |

_____

---

BRIEF OF PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS BY THE
DEFENDANT AMERICAN HOME MORTGAGE SERVICING, Inc.

---

Attorney for Plaintiff
Law Office of Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968

On the Brief

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.

**Table of Contents**

Table of Authorities…………………………………………………………………..…iv

Statement of Facts……………………………………………………………………..…1

Argument……………………………………………………………………….................1

    I.      Standard for Determination of a motion under FR 12(b)(6)……………..…1

    II.     THE DEFENDANT'S ACTIONS ARE PROHIBITED
           UNDER THE LAW……………………………….......................................2

          a.   The attorney fees charged by the Defendant are in violation of the
               New Jersey Court Rules……………………………………………2
          b.   The costs of suit charged by the Defendant are in violation of the
               New Jersey Law……………………………………………………5

    III.    The Defendant's reliance upon the entire controversy doctrine is
          flawed. ………………………………………………………………6

    IV.    The Voluntary payment doctrine does not apply to the Plaintiff………..9

    V.     The statute of limitations for contract claims of sealed documents is 16
          years under New Jersey Law…………………………………………15

    VI.    American Home has violated the Fair Debt Collection Practices Act…..17

    VII.   There is a private right of action in Fair Foreclosure Act………………19

    VIII.  The Defendant's motion to dismiss the negligence count
          should be denied…………………………………………………………22

    IX.    There is a private right of action to the New Jersey Court Rule
          R:4:42-9(a)(4)……………………………………………..…… 24

    X.     The Plaintiff has pled a cause of action for violation of the New Jersey
          Usury Law NJSA 31:1-3 by American Home……………………………25

    XI.    The Defendant is correct that count XII should be dismissed…………..27

    XII.   Any dismissal by the Court should be without prejudice and the Plaintiff
          given an opportunity to file an amended complaint……………………..27

    XIII.  The motion is premature as discovery has not been completed………..28

Conclusion………………………………………………………………………….28

## Table of Authority

### Cases

*Aetna Insurance Co. v. Gilchrist Brothers, Inc.*, 85 NJ 550, 556 (1981)                     8

*Allen v. LaSalle Bank, NA et al,*  Civil Action No. 08-2240 (AET)                     18

*Beneficial Finance Co. v. Dixon,*  130 NJ Super. 508 (Law Div. 1974)                     16

*Bosland v. Warwick Dodge,*  ------    NJ  ------ ( 2009)                     11

*Coastal Bank v. Colonial Wood Products, Inc.,* 172 NJ Super 320 (App. Div. 1980)     3

*Dawson v. Dovenmuehle Mortg., Inc.,* No. 00-6171, 2002 U.S. Dist.
    LEXIS 5688, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002)                     17

*Delta Funding v. Harris*, 189 NJ 28, 49 (2006)                     8

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*
  740 NYS2d 396 (2d 2002)                     10

*Donleavy v. Casey,* 2006 WL 3770883 (NJ App Div. Dec. 26, 2006)(Unpublished)     23

*Evory v. RJM Acquisitions Funding L.L.C.,* 2007 U.S. App. LEXIS 24740
  (7th Cir. Ind., Oct. 23, 2007)                     18

*In re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA,*
  006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006)                     3,4

*In re: John Hatala*, 295 BR 62 (2003)                     3

*In re: Resorts, Inc.*  181 F. 3d. 505, 511 (3d Cir 1999)                     9, 15

*Jalowiecki v. Leve,* 182 NJ Super. 22, 30 (App. Div 1981)                     19, 20

*Kropelnicki v. Siegel,* 290 F.3d 118 (2nd Cir 2002)                     18

*Leisure Technology-Northeast, Inc. v. Klingbeil,* 137 NJ Super. 353 (App. Div. 1975)     9

*Mardini v. Viking Freight, Inc*., 92 F. Supp. 2d 378, 385 (D.N.J. 1999)                     1

*NCP Litigation Trust v. KPMG, LLP.,* 187 NJ 353 (2004)                     22

*National City Mortgage v. Smith,* 324 NJ Super 509 (Ch Div 1999)                     4

*Regency Savings v. Morristown Mews,* 363 NJ Super. 363 (App. Div. 2003).     3, 24

*Ryno, Inc. vs. First National Bank of South Jersey,* 208 N.J. Super. 562 at 570
(App. Div. 1986)                     7

*Shane v. Fauver*, 213 F.3d 113 (3rd Cir 2000)                     27

*Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001)                     3

*United Bank v. Kensey,* 306 NJ Super. 540, 558 (App.Div. 1997)                     23

*Whittingham v. MERS et al,*
  2007 US. Dist. LEXIS 33476 (D.N.J. 2007)                     17

*Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004)
   *cert. denied*, 183 NJ 212 (2005)                     21

### Rules

Federal Rule of Civil Procedure 12(b)(6)                     1

Federal Rule of Civil Procedure 56(f)                     28

New Jersey Court Rule *4:42-9(a)(4)*                     2, 24

New Jersey Court Rule  *4:42-10(a)*                                          5
New Jersey Court Rule *4:42-11(a)*                                          29
New Jersey Court Rule *4:64-1*                                              7
New Jersey Court Rule *:4:64-5*                                          6,7,12

## Statutes

15 USC 1692a(f)(iii)                                                       17


*NJSA 2A:14-1*                                                          15, 16
*NJSA 2A:14-4*                                                          15, 16
*NJSA 2A:15-13*                                                             5
<u>New Jersey Fair Foreclosure Act</u> *NJSA 2A:50-53*                    4, 19
*NJSA 2A:50-54*                                                            24
*NJSA 2A:50-55.*                                                           20
*NJSA 2a:50-57*                                                             4
*NJSA 2a:50-57(e)*                                                          9
*NJSA 2A:50-61*                                                        10, 20
*NJSA 17:9A-.330*                                                          12
*NJSA 22A:2-10*                                                             5
*NJSA 22A:2-8*                                                              6
*NJSA 31:1-1.1*                                                            26
New Jersey Usury Law *NJSA 31:1-3*                                         25
*NJSA 31:1-4*                                                              26
*New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.*
   *NJSA 56:12-15*                                          10
*NJSA 56:12-16*                                                            11


New Jersey Session Law Ch 156                                             26

**FACTS**

The Statement of facts for purposes of this motion is outlined in the Plaintiff's complaint which is incorporated by reference herein.

**ARGUMENT**

The Defendant's motion to dismiss  must be denied in full. The issues raised by the Defendant are in most cases based upon gross distortions of the law and facts.  The Defendant does not deny the essential facts that they took money from John W. Oliver that they were not entitled to.  The arguments instead seek to allege equitable defenses as a shield for inequitable, illegal and disreputable conduct.  The court must as a matter of law, deny the Defendant's motion.

**I.      Standard for Determination of a motion under FR 12(b)(6).**

The Court in the case of *Mardini v. Viking Freight, Inc*., 92 F. Supp. 2d 378, 385 (D.N.J. 1999) articulated the standard the Court must use in a motion to dismiss under Rule 12(b)(6).

> Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In disposing of a motion to dismiss, the court must operate on the assumption that the factual allegations in the complaint or counterclaim are true. *Neitzke*, 490 U.S. at 326-27. A motion to dismiss may be granted if the opposing party would not be entitled to relief under any set of facts consistent with the allegations in the complaint or counterclaim. As the Supreme Court stated in *Neitzke*:
> "nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon,* supra at 73, 104 S. Ct. 2229, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. (490 U.S. at 327)". <u>Id at 381, 382</u>

In the instant case, the Court must accept as true the allegations of the complaint.

## II.       THE DEFENDANT'S ACTIONS ARE PROHIBITED

###          UNDER THE LAW.

**a ) The attorney fees charged by the Defendant are in violation of the New Jersey Court Rules.**

In a foreclosure action in New Jersey, the Rules of Court limit the amount  a mortgagee can charge to the borrower to recoup the attorney's fees and costs of suit in the action. Attorney's fees are limited by *R 4:42-9(a)(4)*  which states:

> In an action for foreclosure of a mortgage, the allowance shall be calculated as follows: on all sums adjudged to be paid to the plaintiff amounting to $5000 or less, at the rate of 3.5%, provided however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5000 and up to $10,000 a the rate of 1.5%; and upon the excess over $10,000 a the rate of 1%, provided that the allowance shall not exceed $7,500. If, however, application of the formula prescribed by this rule results in a sum in excess of $7,500, the court may award an additional fee not greater than the amount of such excess on application supported by affidavit of services. In no case shall the fee allowance exceed the limitation of this rule.

The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this rule"**.

The limitations of this rule are absolute. The Courts have held that where a mortgage debt is secured by a note providing for an attorney's fee for collection and the

mortgagee proceeds to foreclosure the mortgage his attorney's fees are governed by the rule rather than the note. *Coastal Bank v. Colonial Wood Products, Inc.*, 172 NJ Super 320 (App. Div. 1980) An attorney fee provision in a promissory note accompanying a mortgage will not be construed to include fees for post-judgment collection costs. *Regency Savings v. Morristown Mews*, 363 NJ Super. 363 (App. Div. 2003). The courts have also included the fees incurred in a bankruptcy proceeding during the pendency of the foreclosure as being included in this cap. I*n re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006); *Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001); *In re: John Hatala*, 295 BR 62 (2003).

The recent Third Circuit case of *In re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006) is directly on point. In *A&P*, the Court held:

> We also disagree with Fleet's assertion that New Jersey's limitation on attorneys' fees in Rule 4:42-9(a)(4) somehow renders the merger doctrine inapplicable and allows creditors to recover attorneys' fees post-judgment. In this regard Fleet contends that cases from other jurisdictions which hold "that a secured party cannot receive a section 506(b) award after its mortgage is satisfied and emanate from jurisdictions outside New Jersey where unlike New Jersey, a party may seek all of its legal fees and costs in the context of a state court foreclosure action." Appellee's Br. at 19. Rule 4:42-9(a)(4) does not render the merger doctrine inapplicable; nor does it allow a mortgage agreement to survive a judgment of foreclosure. Indeed, it does not even address these matters. Rather, it limits the award of attorneys' fees allowable under state law as it provides, after setting forth the allowable fees, that "in no case shall the fee allowance exceed the limitations of this rule." The Supreme Court of New Jersey has made it clear that the parties to a mortgage cannot by contract override the limitations of the rule. *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 N.J. 442, 210 A.2d 68, 71 (N.J. 1965).

> In reaching our result we emphasize the following. While it is true that the debtor agreed to pay Fleet's "reasonable" attorneys' fees in a

foreclosure action and arguably waived the benefit of certain laws limiting
the amount of fees Fleet could recover, certainly in the absence of a
bankruptcy proceeding these provisions would not have rendered the
limitations of Rule 4:42-9(a)(4) ineffective. Id. Furthermore, we point out
that inasmuch as mortgagees ordinarily prepare the mortgage documents,
if such provisions superceded Rule 4:42-9(a)(4) in foreclosure actions, the
rule soon would become meaningless.

The question, then, is whether section 506(b) should require a
different result in a bankruptcy context. We do not see why it should in the
absence of clear language in the loan documents preserving the claim for
attorneys' fees after a foreclosure judgment. In this regard we observe that
the debtor's waiver in the mortgage of the "benefit" of certain laws hardly
can assist Fleet with respect to section 506(b) as that section in allowing a
creditor to obtain attorneys' fees in excess of those it otherwise could
recover surely is not a law enacted for the benefit of a mortgagor. Thus,
Fleet, is limited to recovering its "reasonable" attorneys' fees, which were
determined through the application of the state court rule in the state court
proceedings, as the mortgage or other documents simply do not provide
that the provision for reasonable fees in the mortgage renders inapplicable
the ordinary application of the merger doctrine. Id at ____.

The rule applies to all fees incurred by the mortgagee during the pendency of the

foreclosure. The result is the same in cases where the mortgage is cured or paid off prior

to the entry of the final judgment. *National City Mortgage v. Smith*, 324 NJ Super 509

(Ch Div 1999). The New Jersey Fair Foreclosure Act *NJSA 2A:50-53* provides that in the

event of a default the amount of attorneys fees and costs to be charged to the borrower to

cure the default are limited by the court rule. *NJSA 2a:50-57* states:

(3) pay or tender court costs, if any, and attorneys' fees in an amount
which shall not exceed the amount permitted under the Rules Governing
the Courts of the State of New Jersey;

The law in New Jersey is clear. The Court rules are an absolute cap to the amount

a lender can charge to the borrower for attorney's fees and costs in a defaulting mortgage.

The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this**

**rule"**.

4

In the instant case, the Defendant demanded and was paid $1935.00 in attorneys fees. The actual fee incurred was less as the demand prepared by American Home's attorney demanded $1701.18 in legal fees and costs of suit. As a matter of law the Defendant American Home has violated the rules of court.

**b) The costs of suit charged by the Defendant are in violation of the New Jersey Law.**

In a foreclosure action in New Jersey, the Statutes and Rules of Court limit the amount a mortgagee can charge to the borrower to recoup the attorney's fees and costs of suit in the action. Search fees for example are limited in the New Jersey Court Rules by *R 4:42-10(a)* which states:

> (a) Fees Allowable: In an action for the foreclosure of a mortgage or tax certificate or for partition and sale of realty, the court or the clerk may, as a matter of discretion, tax as part of the taxable costs all legal fees and reasonable charges necessarily paid or incurred in procuring searches relative to title of the subject premises, provided that the minimum fee shall be $75 and the maximum fee shall be $500, If however, 1% of the amount found due plaintiff is more than $75 and less than $500, such 1% shall be the maximum fee.

The Defendant's charges for costs were in excess of the amount allowed pursuant to New Jersey Statutes including but not limited to

a)      *NJSA 22A:2-10* which allows costs of an attorney fee in a foreclosure of $50.00;

b)      *NJSA 22A:2-10* which allows costs for a writ of execution of $10.00;

c)      *NJSA 22A:2-8* which allows the filing fee of $200;

d)      *NJSA 2A:15-13* which allows a maximum of $50 for the filing of the  lis

pendens;

e)      *NJSA 22A:2-8* which allows a maximum of $35 for service of process per

defendant;

f)      *NJSA 22A:2-8* which allows for the actual costs of service of process by

publication;

g)      *NJSA 22A:2-8* which allows for the actual costs of service of process by

mail;

In the instant case, the Defendant has sought and was paid by the Plaintiff all the

amounts demanded. The Defendant has itemized charges such as $85 for "Borrower

Interview", $48 for property inspection; $190 for property valuations for which they are

not entitled to reimbursement. The total unitemized costs demanded were $1518.00. As

the subsequent payoff prepared by its attorney shows, the legal fees and costs of suit

totaled $1701.18.

**III.      The Defendant's reliance upon the entire controversy doctrine is**

**flawed.**

The Defendant argues that John Oliver's claim must be dismissed as they were

not raised during the  foreclosure proceeding.  The whole argument is legally and

factually flawed.  the doctrine does not apply to foreclosure actions.

The entire controversy doctrine as it applies to foreclosure actions is codified in

*R:4:64-5*, which states:

"Unless the court otherwise orders on notice and for good
cause shown, claims for foreclosure of mortgages shall not be joined with
non-germane claims against the mortgagor or other persons liable on the

6

debt.  Only germane counterclaims and crossclaims may be pleaded in foreclosure actions without leave of the court."

The key to the entire controversy doctrine is that the cause of action be known at the time of the institution of the foreclosure proceeding.  This concept is clearly stated by the court in the case relied upon by the Defendant, *Ryno, Inc. vs. First National Bank of South Jersey,* 208 N.J. Super. 562 at 570 (App. Div. 1986).

> "We think it clear that any conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in foreclosure."

*Ryno* was decided prior to the change in R 4:64-5, which added the requirement that a counterclaim must be "germane" to be pled without leave of the court.  The rule defines non-germane claims as follows:

> "Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees."

In the instant case, there was one foreclosure action. The issue of overcharges occurred after the filing of the action for foreclosure.

In fact *R:4:64-1* states that an action for foreclosure shall be deemed uncontested if none of the pleadings contest the validity or priority of the mortgage or create an issue with respect to Plaintiff's right to foreclose.  Mr. Oliver only had a meritorious germane defense if he could show that but for the overcharges, he would be current otherwise it is irrelevant.

The purpose of the entire controversy doctrine is to avoid delay, avoid harassment and wasted time of the parties, avoid clogging the courts and to promote fundamental

fairness. *Aetna Insurance Co. v. Gilchrist Brothers, Inc.*, 85 NJ 550, 556 (1981). There is no question that the Defendant's actions in 2008 are properly before the court.

The New Jersey Supreme Court in the case of *Delta Funding v. Harris*, 189 NJ 28, 49 (2006) specifically held that when a consumer must defend a foreclosure action and bring a separate action for damages under the New Jersey Consumer Fraud Act, the attorneys fees and costs incurred in defending the foreclosure action are damages to be included in the Consumer Fraud case.

> Because of the arbitration clause, Harris is compelled to litigate essentially identical CFA claims in court and in arbitration. In that circumstance, Harris should, under *N.J.S.A.* 56:8-19, be eligible for attorney's fees and costs related to the foreclosure proceeding if she successfully asserts defenses based on the CFA in that proceeding. Id at 49

The entire controversy doctrine is an equitable doctrine. Those that seek equity must do equity.

The Defendant, in support of this argument, cites *Leisure Technology-Northeast, Inc. v. Klingbeil,* 137 N.J. Super. 353 (App. Div. 1975)

The *Leisure* case is inapplicable to the instant case. The court held that the

> Without doubt a defendant in a foreclosure action may challenge plaintiff's right to foreclose. *See Central Penn Nat'l Bank v. Stonebridge Ltd.,* 185 N.J. Super. 289, 302 [448 A.2d 498] (Ch.Div.1982). We think it clear that **any conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure** that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure. Id at 356  [emphasis added]

The key phrase is that the cause of action must have been known prior to the institution of a foreclosure action. In the instant case, the cause of action arose after the

foreclosure action. In fact, the Plaintiff by paying the monies demanded reinstated the mortgage causing the foreclosure action to be dismissed.

Of course, the greater problem with this argument is the fact that the matter was dismissed with no judgment. The mortgage was reinstated pursuant to the Fair Foreclosure Act. The Act at NJSA 2A:50-57(e) provides:

> e. If a default is cured prior to the filing of a foreclosure action, the lender shall not institute a foreclosure action for that default. If a default is cured after the filing of a foreclosure action, the lender shall give written notice of the cure to the court. Upon such notice, the court shall dismiss the action without prejudice.

Pursuant to the statute, upon the curing of the default the action is dismissed **without prejudice.** The proceeding is a nullity. The entire controversy has no bearing on the instant case as a matter of law.

As a matter of law the Defendant's motion to dismiss must be denied.

## IV.      The voluntary payment doctrine does not apply to the Plaintiff.

The Defendant argues that all of the Plaintiff's claims are barred by the voluntary payment doctrine.  The argument is flawed.

The Third Circuit addressed the issue of the voluntary payment doctrine.

> *"It is a settled principal of [New Jersey] law that where an individual under a mistake of law, but with full knowledge of the facts, voluntarily pays money on a demand not legally enforceable against him, he can not recover it in the absence of unjust enrichment, fraud, duress or improper conduct on the part of the payee." In re: Resorts, Inc.,* 181 F. 3d 505, 511 (3d Cir 1999)

In the instant case the payment was not made with full knowledge of the facts. The disclosures from the Defendants were not complete.  There was simply a demand for payment, $1935 in foreclosure attorney fees and $1518 in foreclosure costs. The

payments requested by American Home were admitted to have been excessive. (Hence the difference in the payoff provided by its attorney). There is no doubt that the demands by the Defendants  are the result of unjust enrichment, fraud, duress and improper conduct on their part.

The Defendants rely upon the case of *Dillon v. U-A Coumbia Cablevison of Westchester, Inc.*, 740 NYS2d 396 (2d 2002) to support their position. The case simply does not apply. The issue of voluntary payment is grounded in State law. The case is from  and interprets New York law.  In the instant case, the actions of the Defendants fly in the face of New Jersey law. In fact the rights of the Plaintiffs under the Fair Foreclosure Act can not be waived.  *NJSA 2A:50-61*  states:

> 2A:50-61. Waivers against public policy, unlawful, void.
>
> *Waivers by the debtor of rights provided pursuant to this act are against public policy, unlawful, and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.*

The Legislature has made it clear that attempts to waive the rights of debtors under the act are against public policy, unlawful and void. In the instant case it is those rights the Plaintiffs seek to enforce.

The Legislature with the adoption of the New Jersey Truth in Consumer Contract, Warranty and Notice Act specifically held that the rights of consumers can not be waived. *NJSA 56:12-15* states

> 56:12-15. Consumer contract, warranty, notice or sign; violation of legal right of consumer or responsibility of seller, lessor, etc.; prohibition; exemptions.

*No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes. The provisions of this act shall not apply to residential leases or to the sale of real estate, whether improved or not, or to the construction of new homes subject to "The New Home Warranty and Builders' Registration Act," P.L.1977, c. 467 (C. 46:3B-1 et seq.)*

*NJSA 56:12-16* states:

56:12-16. Provision for waiver of rights under act; nullity; statement of provisions void, unenforceable or inapplicable in New Jersey.

*No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void. No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties.*

It is clear that the public policy in this state is to protect consumers. The idea that the payment of an improper and/or illegal demand by a consumer waives the consumer's right to relief has been overturned by the Legislature.

The New Jersey Supreme Court on February 19, 2009 entered a decision in the case of *Bosland v. Warnock Dodge (*A-97-07) concerning two of the pending issues before the court: the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.

11

The facts in *Bosland* are very similar to the essential facts of the instant case. The Plaintiff, Rhonda Bosland, purchased a new vehicle from the Defendant, Warnock Dodge. As part of the purchase price of the vehicle the Defendant included a charge of $117 as a registration fee. Her claim was that she was overcharged by the Defendant between $20 and $40 in violation of the applicable automobile regulations. Rather than demanding a refund, the Plaintiff filed suit alleging violations the *New Jersey Consumer Fraud Act* (CFA) and the *New Jersey Truth-In-Consumer Contract, Warranty and Notice Act*. (TCCWNA)

In the instant case, the Plaintiffs were overcharged for attorneys fees and costs of suit by the Defendants when the payoff of the mortgage was calculated in violation of New Jersey Statutes and Court Rules. The Plaintiffs paid the sums requested and subsequently brought suit.

In *Bosland,* the trial court dismissed the consumer fraud count of the complaint reasoning that "Plaintiff never complained about these overages, so it seems counterintuitive to consider these fees unconscionable and an ascertainable loss. Instead these fees were Defendant's profit or fees for processing or handling these papers which Plaintiff, as a consumer, paid without objection" *Id at* 5.

In analyzing the TCCNWA claim, the trial court found that the Plaintiff had failed to establish that the contract had violated any clearly established right as required under the act. *Id at 5.*

The third count of the complaint which alleged unjust enrichment was dismissed because the plaintiff could not provide any evidence that the defendant had received any benefit separate and distinct from the written contract.

The Appellate Division reversed in part and affirmed in part. The Appellate Division affirmed the dismissal of the count for unjust enrichment. The Court reversed the dismissals of the CFA and TCCNWA counts.

The Supreme Court in its decision of February 19, 2009 affirmed the decision of the Appellate Division.  The decision is important in many ways. First, by affirming the Appellate Division concerning the TCCNWA claim, the Court has addressed for the first time elements of proof for a TCCNWA claim. The Appellate Division reinstated the TCCWNA claim holding that proof of the CFA allegations also sufficed to support a claim that the contract violated a clearly established legal right. *Id at* 7.

The Supreme Court rejected the idea that a Plaintiff must seek a refund from Defendant prior to bringing suit. The Court noted that the CFA is a remedial statute. The history of the CFA is one of constant expansion of consumer protection. The Court construes the CFA broadly, not in a "crabbed fashion." *Id at* 15 [internal citations omitted]

The Court reiterated that for analytical purposes there exists three types of claims under CFA: affirmative acts, claims asserting knowing omissions and claims based on regulatory violations. Intent is not an element if the claims are the result of the defendant's affirmative act or as the result of a violation of a regulation. A violation of a regulation results in strict liability. *Id at 15-16.* Intent is only required in cases based on the defendant's omission. In that case, there must be a showing that the defendant acted with knowledge, and intent is an essential element of fraud.

In applying the law to the Plaintiff's claim the court held that the complaint was based on a claimed regulatory violation, she was not required to prove defendant's intent.

*Id at 16.* In such a case, there are only three elements required to establish a prima facie case: 1) unlawful conduct by defendant; 2) an ascertainable loss by Plaintiff and 3) a casual relationship between the unlawful conduct and the ascertainable loss. *Id at* 16 [internal citations ommited]

The Supreme Court reiterated the public policy rationale of the CFA. "When confronted, as we are here, with a plaintiff who asserts that she was the victim of an overcharge which itself is small in amount, and who seeks recovery for herself and on behalf of numerous others with 'nominal' claims, we cannot overlook the reality that, without the remedy the CFA affords, all of those wrongs might go unvindicated." *Id at 22.* "We discern in the CFA a clear expression of the Legislature's intent to empower consumers who seek to secure relief for themselves and for others who may not be aware that they have been victimized." *Id at 23.*

In the instant case, the Plaintiffs seek to redress the wrongs not just to themselves but also to others similarly situated.

The Defendants have argued that the Plaintiffs' claims under the CFA and TCCNWA are barred by the voluntary payment doctrine. It is clear from the holding in *Bosland* that simply is not the case. The court noted that the Plaintiff had paid the overcharge voluntarily with no protest.  In rejecting a requirement for the Plaintiff to request a refund prior to filing suit, the court noted that such a requirement would create a safe harbor for offending merchants. "A merchant could rely on the pre-suit refund demand requirement, boldly imposing inflated charges at no risk, and planning to refund the overcharges only when asked. Such an analysis of the CFA would limit relief by making it available only to those consumers who are alert enough to ask for a refund,

14

while allowing the offending merchant to reap a windfall. We see in the broad remedial purposes of the CFA a strong contrary expression of public policy." *Id at 23.*

Simply stated, if the Defendant is in violation of the CFA, then the Plaintiff can recover as there must be unjust enrichment, fraud, duress or improper conduct on the part of the Defendant. In that circumstance, the payment is not voluntary. *In re: Resorts, Inc.,* 181 F. 3d 505, 511 (3d Cir 1999).

As a matter of law the Defendant's motion to dismiss under the voluntary payment doctrine must be denied.

**V.     The statute of limitations for contract claims of sealed documents is 16 years under New Jersey Law.**

The Defendant has argued that there is no sixteen (16) year statute in New Jersey for contract of sealed documents. The Defendants argue instead that the proper statute of limitation for all of the Plaintiff claims is six (6) years. The Defendants rely upon the language of *NJSA 2A:14-1. NJSA 2A:14-1* states:

> *Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.*
>
> *This section shall not apply to any action for breach of any contract for sale governed by* section 12A:2-725 *of the New Jersey Statutes.*

*NJSA 2A:14-1* by its terms does not apply to documents under seal. The proper section of the act is *NJSA 2A:14-4. NJSA 2A:14-4* states:

> *Every action at law for rent or arrears of rent, founded upon a lease under seal, every action at law upon a single or penal bill under seal for the payment of money only, upon an obligation under seal conditioned for*

*the payment of money only, upon a recognizance or upon an award under the hands and seals of arbitrators for the payment of money only shall be commenced within 16 years next after the cause of any such action shall have accrued. If, however, any payment is made on any such lease, specialty, recognizance or award within or after such period of 16 years, an action thereon may be commenced within 16 years next after such payment, and not thereafter.*

*This section shall not apply to any action for breach of any contract for sale governed by N.J.S. 12A:2-725.*

*This section shall also not apply to any action founded upon an instrument under seal brought by a merchant or bank, finance company, or other financial institution. Any such action shall be commenced within 6 years next after the cause of any such action shall have accrued.*

There is only one case reported on the issue *Beneficial Finance Co. v. Dixon,* 130 NJ Super 508 (Law Div. 1974). The court held "[t]he significant reference in our two statutes of limitations is the word "seal". If the instrument is not under seal, *NJSA 2A:14-1,* the six year statute, controls; if the instrument is under seal, *NJSA 2A:14-4,* the 16-year statute, controls." *Id at 510.*

The Defendants for purposes of this motion do not deny that the document is under seal but instead argue in a footnote that the Plaintiffs' cause of action is not for the payment of money. The issue raised by the Plaintiffs' is that they were overcharged in the amount due. The statute does not preclude the Plaintiffs' claim. In fact the statute provides that the statute runs from the date of the last payment. In the instant case the claims by Mr. Oliver were made within 16 years of his last payment. He is seeking a refund of the money which he was overcharged under the sealed document. The Plaintiffs seek to enforce their rights under the contract and law for the calculation of monies due under the instrument.

The 16 year statute applies solely to the breach of contract claims of count one and count three of the complaint. The Defendant is correct that the 6 year statute applies to

the remaining counts of the complaint for claims under the New Jersey Consumer Fraud

Act, the Truth-In-Consumer, Warranty and Notice Act,  and common law fraud.

### VI.       American Home has violated the Fair Debt Collection Practices Act.

American Home has violated the Fair Debt Collection Practices Act.  American Home

argues that it can not be a debt collector as it is collecting its own debt. The argument is

legally flawed. The term "debt collector" does not include a mortgage servicing company

unless the mortgage was already in default at the time when the servicing began. *Dawson*

*v. Dovenmuehle Mortg., Inc.,* No. 00-6171, 2002 U.S. Dist. LEXIS 5688, 2002 WL

501499, at *5 (E.D. Pa. Apr. 3, 2002) and *Whittingham v. MERS et al,*   2007 US. Dist.

LEXIS 33476 (D.N.J. 2007). The statutory definition under the Act provides that the

collecting one's own debt is exempt only if the loan was not in default at the time of

purchase. See 15 USC 1692a(f)(iii).

> (F) any person collecting or attempting to collect any debt owed or due or
> asserted to be owed or due another to the extent such activity (i) is
> incidental to a bona fide fiduciary obligation or a bona fide escrow
> arrangement; (ii) concerns a debt which was originated by such person;
> **(iii) concerns a debt which was not in default at the time it was
> obtained by such person;** or (iv) concerns a debt obtained by such person
> as a secured party in a commercial credit transaction involving the
> creditor. [emphasis added]

In the instant case, the loan was in default as of January 3, 2008. [see para 16 of the

Plaintiff's complaint]. American Home purchased the loan on or about July 1, 2008. [see

para. 17 of the Plaintiff's complaint] The debt was in default at the time that American

Home obtained the debt. As a matter of law, American Home is a debt collector under the

act.

The next argument raised by American Home is that the communication in

question went solely to the Plaintiff's attorney. Frankly, I am uncertain where this

position comes from. The reinstatement quote of September 11, 2008 was addressed to Nancy Cummins sent via fax to (949)790-8515.[Exhibit A to the Plaintiff's complaint] This is the statement which is subject of this litigation. The payoff dated September 26, 2008 was sent to Angelo Flaciano, Esq. [Angelo Falciani, Esq.] via fax to (856)845-3996. [Exhibit B to the Plaintiff's complaint].  The reinstatement quote of September 26, 2008 merely shows that the quote prepared by American Home was in clear error.  The reinstatement quote of September 11, 2008 was not addressed to the Plaintiff's attorney.

The fact that the Plaintiff was represented by counsel is no defense to a violation of the FDCPA.   The 7th and 2nd Circuits are split on the issue. The issue has not been decided by the 3rd Circuit. American Home relies on several cases which ultimately rely upon *Kropelnicki v. Siegel,* 290 F.3d 118 (2nd Cir 2002). The Seventh Circuit has recently rejected this line of cases in the case *Evory v. RJM Acquisitions Funding L.L.C.,* 2007 U.S. App. LEXIS 24740 (7th Cir. Ind., Oct. 23, 2007).  The Court in  *Evory* held that deceptive statements and demands for unlawful amounts are always actionable under the FDCPA. The New Jersey District Court case of *Allen v. LaSalle Bank, NA et al*, which adopted the holding in *Kropelnicki* is currently on appeal to the 3rd Circuit. In the instant case the amount demanded for legal fees and costs were in clear violation of the amounts allowed under New Jersey law. Pursuant to the holding in Evory,  American Home's ,motion must be denied.

Even without considering the holding in Evory, American Home's motion must be denied. The Court in the  Kropelnicki line relied on the fact that the violating notice was only addressed to the debtor's attorney. In the instant case the payoff was not addressed

directly to the Debtor's attorney. (Exhibit A to Plaintiff's complaint) As a matter of law American Home's motion must be denied.

**VII.     There is a private right of action in Fair Foreclosure Act**

The Defendant has incorrectly argued that there is no private right of action in the Fair Foreclosure Act. The Courts in the case of *Jalowiecki v. Levc*, 182 NJ Super. 22, 30 (App. Div 1981)  established a three part test to determine if a statute confers an implied private right of action.

1)   Whether the Plaintiff is a member of the class for whose special benefit, the statute was enacted;

2)   Whether there is any evidence that the legislature intended to create a private right of action under the statute; and

3)   Whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

*Jalowiecki v. Levc,* 182 NJ Super. 22, 30 (App. Div 1981)

"Although courts give varying weight to each of those factors, the primary goal has invariably been a search for the underlying legislative intent" Id. at 30

The legislative intent for the *Fair Foreclosure Act* is set out clearly in *NJSA 2A:50-54* which states:

The legislature hereby finds and declares it to be the public policy of this state that homeowners should be given every opportunity to pay their home mortgages and thus keep their homes, and that lenders will be benefited when residential mortgage

19

debtors cure their defaults and return defaulted residential mortgage loans to performing status.

The legislative intent is for homeowners to be protected. In fact the rights established by this act can not be waived. *NJSA 2A:50-61* states:

> *Waivers by the debtor of rights provided pursuant to this act are against public policy; unlawful and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.*

The clear intent of these sections is to provide the homeowner with significant protection in a foreclosure. These rights are granted specifically to the individual. The underlying legislative intent would support a private right of action.

An application of the elements of *Jalowiecki* supports a private right of action in the Fair Foreclosure Act. The first factor is the Plaintiff, a member of the class for whose special benefit, the statute was enacted. The answer must be an unqualified yes. The Plaintiff is a homeowner with a residential mortgage. In fact, the Act defines a residential mortgage debtor as any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage. *NJSA 2A:50-55.*

"The right to cure a default under this section is independent of any right of redemption or any other right or remedy under the common law, principles of equity, state, federal statute or rule of court."

The third prong of the test is whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy. The answer here is yes. It is a clear legislative desire for homeowners to be protected. The right is clearly vested with the homeowner under the act. The right is <u>non-waivable</u> and cumulative with other

available relief to the borrower. It is clear that the right of action in the act is not only implied but is explicitly provided for by the statute.

The Defendant's argument itself is flawed. The whole statute at issue concerns the process to proceed in court for a foreclosure. The statute provides procedural and substantive due process and other rights to the homeowner. To accept the Defendant's arguments would leave a homeowner with a laundry list of rights without a remedy. As a matter of law the Defendants motion as to the *Fair Foreclosure Act* must be denied.

Even if the Court should hold that the Act itself does not provide for a separate cause of action, the rights established under the Act are themselves a basis for a cause of action under the New Jersey Consumer Fraud Act. This was pled explicitly in the complaint. (See para 75 of the Plaintiff's complaint) The issue was addressed specifically in the Appellate case of *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004). In *Wozniak* the court held that the enforcement of a violation of a rent control ordinance was actionable under the New Jersey Consumer Fraud Act.

> Indeed, the CFA complements the Clifton Rent Control Ordinance by providing a legal means of redress against a violator. The CFA acts as an enforcement mechanism for the ordinance and should serve to bring landlords into compliance with the ordinance or be subject to the treble damage and attorney fees sanctions of the CFA. The laudatory purpose of the CFA of protecting consumers is thereby enhanced. *Id.* at 459

The New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Fair Foreclosure Act even if the Court should hold that the  Act itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count VIII must be denied.

**VIII.   The Defendant's motion to dismiss the negligence count  should be denied.**

American Home argues that Mr. Oliver can not maintain a cause of action for

negligence and contract. American Home has argued that the courts have  held

that tort claims are barred as a matter of law where a contract between the parties

exists, and where the plaintiff's alleged damages are limited to economic loss

springing from that contract.

The instant case is more than about the loan. The impact to Mr. Coleman

concerns his credit worthiness, the emotional upset from the Defendant's

egregious actions and possible loss of his home in the foreclosure in addition to

any contract damages.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP*

*Litigation Trust v. KPMG, LLP*., 187 NJ 353 (2004). This was a case concerning

accounting irregularities. The complaint alleged causes of action for breach of

contract, and negligence among others against the accountants, KPMG.. The court

allowed the case to go forward on both theories.  As the court noted:

> At the outset, we observe that this matter is before us on a *Rule* 4:6-2(e)
> motion to dismiss. On such motions, a trial court should grant a dismissal
> "in only the rarest of instances." *Printing Mart-Morristown v. Sharp Elecs.*
> *Corp.*, 116 N.J. 739, 772 (1989) . A court's review of a complaint is to be
> "undertaken with a generous and hospitable approach," *id.* at 746, and the
> court should assume that the nonmovant's allegations are true and give that
> party the benefit of all reasonable inferences, *Smith v. SBC*
> *Communications Inc.*, 178 N.J. 265, 282 (2004) . If "the fundament of a
> cause of action may be gleaned even from an obscure statement of claim,"
> then the complaint should survive this preliminary stage. *Craig v.*
> *Suburban Cablevision, Inc.*, 140 N.J. 623, 626 (1995) (citation omitted).

The Plaintiff's Count IV alleges that the Defendant, American Home, was negligent in the servicing of the Plaintiff's mortgage.  The Defendant argues that this is an imposition of an extra-contractual duty.  The Plaintiff's position is that Amercian had a duty to provide accurate statements in accordance with the law.   The scope of the duty is reflected in the FHA  regulations which limit reimbursement of attorneys fees and requires that the charges be actually incurred; as well as the various New Jersey statutes and court rules noted previously.

The Defendant relies on a string of cases and asserts that the holding of the cases is that the lender owes no duty to the Plaintiff. All of those cases concern issues of disclosure of internal information relied upon by the lender in providing the loan, specifically internal appraisals of the collateral. None of those cases concern the servicing actions of the lender once the loan transaction has started. *United Bank v. Kensey,* 306 NJ Super. 540, 558 (App.Div. 1997); *Donleavy v. Casey,* 2006 WL 3770883 (NJ App Div. Dec. 26, 2006)(Unpublished).

As a matter of law, the Defendant's motion must be dismissed and judgment entered against the Defendant in favor of the Plaintiff.

**IX.      There is a private right of action to the New Jersey Court Rule
R:4:42-9(a)(4).**

The Defendant has incorrectly argued that there is no private right of action in the

New Jersey Court Rule *R.4:42-9(a)(4).*   Likewise the same arguments as noted in the

previous section concerning the Fair Foreclosure Act apply to *R.4:42-9(a)(4)*. The Court

in the case. *Regency Saving Bank v. Morristown Mews, LP*, 363 NJ Super 363 (App. Div.

2003) has made clear that the purpose of the rule was to protect homeowners. The action

in <u>Regency</u> was by the bank in a deficiency action to recover attorney's fees in excess of

the amount allowed in the foreclosure case. The court held "[F]urther, even if a Plaintiff

in a foreclosure action seeks to recover a fee or provision in a note from the outset of the

litigation, he is limited to the fee allowable under *R.4:42-9(a)(4).*

> *In sum, we are in agreement without the motion judge that that lender's
> fee shifting provisions on secured notes must be viewed in the context of
> **R.4:42-9(a)(4)**. This is particularly so because the deficiency action is
> limited solely to the fees which could not be awarded in the foreclosure
> action. To us, this is the proverbial entrance through the back door when
> entrance through the front door is impermissible." <u>Id</u> at 370.*

The rule provides both substantive and procedural protections to a homeowner. The

Defendant's suggestion that the rule is a right without a remedy is specious. The

Defendant's motion should be denied.

As noted above, the New Jersey Consumer Fraud Act provides the legal mechanism

to enforce the protections of the Court Rule even if the Court should hold that the  Rule

itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count IX must be denied.


**X.     The Plaintiff has pled a cause of action for violation of the New Jersey Usury Law NJSA 31:1-3 by American Home.**

The Plaintiff has pled a cause of action for a violation of the New Jersey Usury Law *NJSA 31:1-3.* The law provides:

> § 31:1-3. Forfeiture of all interest; deduction from recovery.
>
>    In all actions to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved or taken than was or is allowed by the law of the place where the contract was made or is to be performed, the amount or value actually lent, without interest or costs of the action, may be recovered, and no more. If any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only.

The statute provides that if any premium or interest is charged that is higher than allowed by law then in that event all of the interest and costs are forfeited.  The law is not limited to violations of New Jersey Usury laws but any law which limits the rate of interest as it relates to the loan or other loan charges. In the instant case, American Home is alleged to have charged amounts in excess of those actually incurred or allowed by law concerning the foreclosure.

The Defendant argues that the instant case is not a case to enforce any note but an action based on the reinstatement letter which was sent by American Home. The argument is fatally flawed. The Plaintiff sought to reinstate his mortgage and note. The contractual relationship between the parties is all about the loan as reflected in the

mortgage and note. The Plaintiff is enforcing his rights in the mortgage and note. Finally,
the violation by the Defendant occurred in the foreclosure action where the Defendant
sought to enforce its rights in the mortgage and note.

The Defendant has incorrectly argued that the Plaintiffs transaction is exempted
by the statute. The Defendant refers to the language of NJSA 31:1-1.1. The statute
specifically allowed the commissioner to establish interest rates for loans other than home
loans by regulation. A review of the session laws from 1979 makes this clear. (A true
copy of which is attached) The act which is referenced in the statutory section is the act
which created NJSA 31:1-1.1 not the whole usury law as alleged by the Defendant. The
New Jersey Session Law Ch 156 is entitled "An Act concerning interest and usury
supplementing Title 31 of the Revised Statutes.

The Defendant's final argument is that the statute does not provide for a separate
cause of action. This is simply untrue as reflected in the next section *NJSA 31:1-4.* The
law states:

> § 31:1-4. Borrower may compel discovery, and acceptance of
> principal alone.
>
> Any borrower of money or other personal property may by action
> in the Superior Court against the lender, or in any discovery proceeding,
> compel him to discover, upon oath, the money or other personal property
> really lent, and all agreements, devices, shifts, bargains, contracts and
> conveyances which shall have passed between them relative to such loan,
> or the repayment thereof, and the interest or consideration for the same. If
> thereupon it shall appear that more than lawful interest was taken or
> reserved the lender shall be obliged to accept his principal money, or the
> personal property or the value thereof, without any interest or other
> consideration, and to pay costs.

By its very language, the Legislature anticipated that a borrower could bring an
action against the lender. This is reflected by the simple statement of "Any

borrower of money or other personal property may by action in the Superior

Court against the lender…".  Further, if the court should find that the statute does

not allow a direct cause of action then as argued previously it may be enforced

through the New Jersey Consumer Fraud Act.

>    As a matter of law, the Defendant's motion to dismiss count X should be

denied.

### XI.   The Defendant is correct that count XII should be dismissed.

>    The Defendant is correct that count XII should be dismissed. The count was

included by error.

### XII.   Any dismissal by the Court should be without prejudice and the Plaintiff given an opportunity to file an amended complaint.

>    In the event, the court should hold that any of the Plaintiff's pleadings are defective,

the court should allow the Plaintiff an opportunity to file an amended complaint. The

Third Circuit held *Shane v. Fauver*, 213 F.3d 113 (3rd Cir 2000) the standard to be used to

dismiss a complaint with prejudice.

>    The District Court in this case dismissed the plaintiffs' claims with prejudice and without leave to amend. In doing so, the court may have understandably thought that this procedure was mandated by the PLRA. We hold, however, that it is not and that now, as before, in the situation presented here, dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance on whether this standard is met.

>    In the instant case, American Home has not presented any evidence of bad faith,

undue delay, prejudice or futility. Many of the issues raised by the Plaintiff's complaint

are areas of law which have not been subject to much litigation. There is no question that

the Defendant is on notice on the causes of actions being litigated. In the event the court finds any of the pleadings in the complaint deficient, the Plaintiff should be allowed to file an amended complaint.

**XIII.   The motion is premature as discovery has not been completed.**

American Home has filed the within motion while discovery is still pending. Many key facts still have not been developed. This is especially true of an itemization of the attorneys fees and court costs charged to Mr. Oliver.  This information is in the sole possession of American Home. Without those figures it is difficult to give exact calculations of the extent of the violations of the act or Mr. Oliver's damages. To this end the Plaintiff has filed a certification pursuant to R56(f) requesting the decision on those issues be stayed pending the completion of discovery.

**CONCLUSION**

In the instant case the Plaintiff has more than suggested a cause of action against American Home.  The issue between the parties concerns whether American Home could legally collect these fees from the Plaintiff.   As a matter of law, the motion to dismiss must be denied.

Respectfully submitted,

/s/ Lewis G. Adler, Esquire
Lewis G. Adler, Esquire


/s/ Roger C. Mattson, Esquire
Roger C. Mattson, Esquire

28