**REED SMITH LLP**
*Formed in the State of Delaware*
**Mark S. Melodia, Esquire**
**Diane A. Bettino, Esquire**
**Princeton Forrestal Village**
**136 Main Street, Suite 250**
**Princeton, N.J. 08540**
**Tel. (609) 987-0050**
**Attorneys for Defendant,**
**American Home Mortgage Servicing, Inc.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

-----------------------------------------------X
JOHN W. OLIVER, III                         :
Individually and as a class              :     Civil Action No:  1:09-cv-00001-
representative on behalf of others       :     NLH-JS
similarly situated                       :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :
                                         :
AMERICAN HOME MORTGAGE           :
SERVICING, INC.; AND JOHN           :
DOE SERVICERS 1-100 AND             :
JOHN DOE LAW FIRMS 1-10,            :
                                         :
        Defendants.                      :
                                         :
-----------------------------------------------X

## DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## <u>TABLE OF CONTENTS</u>

**Page**

I.     LEGAL ARGUMENT ...............................................................................1

    A.    The Entire Controversy Doctrine Bars Plaintiff's Complaint In Its
          Entirety ..............................................................................................1

          1.    The Entire Controversy Doctrine Applies To Bar Subsequent
                Lawsuits On Claims That Were Germane To The Prior Foreclosure
                And Requires the Dismissal of Plaintiff's Complaint In Its Entirety1

          2.    The ECD Applies To Claims That Arose During The Foreclosure
                Case ..............................................................................................3

          3.    The ECD Applies To Claims That Were Settled In The Context Of
                A Prior Proceeding And Before Final Judgment ............................5

    B.    In The Alternative, Even If The Court Did Not Dismiss Plaintiff's
          Complaint Because Of The ECD, The Voluntary Payment Rule
          Independently Bars Plaintiff's Claims ....................................................7

    C.    If The Court Does Not Dismiss Plaintiff's Complaint In Its Entirety, The
          Following Causes of Action Have Failed To State A Claim Upon Which
          Relief Could Be Granted ...................................................................11

          1.    Plaintiff Relies On The Incorrect Standard ...................................11

          2.    The Sixteen Year Statute of Limitations In N.J.S.A. 2A:14-4 Does
                Not Apply To Plaintiff's Claims As A Matter Of Law ................11

          3.    Plaintiff Cannot Avoid Dismissal Of His FDCPA Claim ..............13

          4.    Plaintiff remains unable to allege a valid legal duty on the part of
                American Home ............................................................................14

          5.    Plaintiff's Claims Under The Fair Foreclosure Act, the New Jersey
                Court Rules, The Usury Statute and the Licensed Lender's Act
                Must Be Dismissed ......................................................................15

          6.    Plaintiff's Plea For Discovery and Reliance On Fed. R. Civ. P.
                56(f) Cannot Save His Complaint From Dismissal ......................15

IV.    CONCLUSION ................................................................................15

# Table of Authorities

**Cases**

*Allen v. LaSalle Bank* ................................................................................................. 5, 13

*Associates Home Equity Services, Inc. v. Troup*,
  343 N.J. Super. 254 (App. Div. 2001) ...................................................... 4

*Bell Atlantic Corp. v. Twombly,*
  127 S. Ct. 1955 (2007) ................................................................................ 11

*Beneficial Finance Co. v. Dixon*,
  130 N.J. Super. at 511 ............................................................................... 12

*Bosland v. Warnock Dodge* ................................................................. 8, 9, 10

*Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*,
  274 N.J. Super. 405 (App. Div. 1994),
  *aff'd,* 142 N.J. 280 (1995) .......................................................................... 5

*Coastal Bank v. Colonial Wood Products, Inc.*,
  172 N.J. Super. 320 (App. Div. 1980) ................................................... 3, 9

*Cogdell v. Hospital Center at Orange*,
  116 N.J. 7 (1989) ......................................................................................... 7

*Collective Federal Savings and Loan Association v. Toland*,
  207 N.J. Super. 157 (Ch. Div. 1985) ....................................................... 3

*Conley v. Gibson,*
  355 U.S. 41 (1957) ....................................................................................... 11

*Donleavy v. Casey,*
  2006 WL 3770883 (App. Div. Dec. 26, 2006) ......................................... 14

*Feinberg v. Red Bank Volvo, Inc.*,
  331 N.J. Super. 506 (App. Div. 2000) ..................................................... 10

*First Peoples National Bank of New Jersey v. Brown*,
  178 N.J. Super. 549 (Ch. Div. 1981) ....................................................... 3

*Flammia v. Maller*,
  66 N.J. Super. 440 (App. Div. 1961) ....................................................... 8

*Gorham-DiMaggio v. Countrywide Home Loans,*
  *Inc.*, 2005 WL 2098068, *1 (N.D.N.Y.) .................................................. 13

*Kaselaan & D'Angelo Assocs., Inc. v. Soffian*,
  290 N.J. Super. 293 (App. Div. 1996) ..................................................... 5

*Kernan v. One Washington Park Urban Renewal Assoc.*,
  154 N.J. 437 (1998) ..................................................................................... 14

*Leisure Technology-Northeast, Inc. v. Klingbeil*,
  137 N.J. Super. 353 (App. Div. 1975) ................................................ 2

*Libby v. Union County Board of Chosen Freeholders*,
  125 N.J. Super. 471 (App. Div. 1973) ................................................ 13

*Luppino v. Mizrahi*,
  326 N.J. Super. 182 (App. Div. 1999) ................................................ 6

*Lynch v. Rubacky*,
  85 N.J. 65 (1981) ................................................ 5

*Mardini v. Viking Freight, Inc.*,
  92 F.Supp.2d 378 (D.N.J. 1999) ................................................ 11

*McNally v. Providence Washington Ins. Co.*,
  304 N.J. Super. 83 (App. Div. 1997) ................................................ 4

*Molnar v. Hedden*,
  138 N.J. 96 (1994) ................................................ 13

*Montclair Savings Bank v. Sylvester*,
  122 N.J. Eq. 518 (1937) ................................................ 2

*National City Mortgage v. Smith*,
  324 N.J. Super. 509 (Ch. Div. 1999) ................................................ 3, 9

*Riemer v. St. Clare's Riverside Medical Center*,
  300 N.J. Super. 101 (App. Div. 1997) ................................................ 5, 7

*Ross Systems v. Linden Dari-Delite, Inc.*,
  35 N.J. 329 (1961) ................................................ 8

*Rycoline Prods., Inc. v. C & W Unlimited*,
  109 F.3d 883 (3rd Cir. 1997) ................................................ 6

*S.P. Dunham & Company v. Kudra*,
  44 N.J. Super. 565 (App. Div. 1957) ................................................ 9

*Sun NLF Ltd. Partnership v. Sasso*,
  313 N.J. Super 546 (App. Div. 1998) ................................................ 2

*United Jersey Bank v. Kensey*,
  306 N.J. Super. 540 (App. Div. 1997) ................................................ 14

*Watkins v. Resorts Int'l Hotel & Casino, Inc.*,
  124 N.J. 398 (1991) ................................................ 6

*West Park Ave. v. Township of Ocean*,
  48 N.J. 122 (1966) ................................................ 8

**Statutes**

*N.J.S.A.* 2A:14-4 ................................................ i, 11, 12

*N.J.S.A.* 56:12-16 .................................................................................................................. 9

**Rules**

*Fed. R. Civ. P.* 12(b)(6) ...................................................................................................... 15

*R.* 4:30A ................................................................................................................................. 1

R. 4:64-5 .................................................................................................................................. 1

*R.* 56(f) .................................................................................................................................. 15

## I.    LEGAL ARGUMENT

### A.    The Entire Controversy Doctrine Bars Plaintiff's Complaint In Its Entirety.

Plaintiff proffers several arguments to avoid the bar of the Entire Controversy Doctrine ("ECD").[1]  Specifically, he argues:

- the ECD does not apply to foreclosure actions (*Opp. at 6*);

- the ECD does not apply to claims that arose <u>after</u> the foreclosure proceeding was <u>filed</u> (*Opp. at 7*); and

- the prior foreclosure action did not result in a final judgment (*Opp. at 9*).

Plaintiff's arguments are in direct conflict with clearly established case law.

### *1.    The Entire Controversy Doctrine Applies To Bar Subsequent Lawsuits On Claims That Were Germane To The Prior Foreclosure And Requires the  Dismissal of Plaintiff's Complaint In Its Entirety.*

Rule 4:64-5 provides that "germane" claims may be brought in a foreclosure proceeding.  The commentary to the ECD at *R.* 4:30A states that only "non-germane claims" in a mortgage foreclosure action are precluded from the consequences of the ECD and thus, "germane" claims must be brought or they will be barred.  *See* Commentary to *R.* 4:30A, section 5.6; M. Weinstein, New Jersey Practice Series, Law of Mortgages, §30.8 - Joinder in foreclosure actions (2d ed.

---

[1] Plaintiff includes over 5 pages of argument as to why the fees and costs that were charged in the prior foreclosure case were wrongful under New Jersey Court Rules, case law and statutes.   Because those issues are not before the Court on Defendant's Motion, Defendant does not address those, except to note that if the alleged overcharges were so notorious and so well known, Plaintiff should have challenged them previously and his failure to do so mandates dismissal of his case under the ECD and the Voluntary Payment Rule.

2008)("Thus the scope of the entire controversy doctrine is limited to "germane" claims in mortgage foreclosure actions.").  It is well established that the ECD will bar germane claims that were not raised in the prior foreclosure.  *Sun NLF Ltd. Partnership v. Sasso*, 313 N.J. Super 546, 551 (App. Div. 1998).

Plaintiff fails to respond to the argument that the "costs and fees" were "germane" to the prior foreclosure and thus required to be raised then.[2]  In fact, Plaintiff offers no reason why the issues were not previously raised.  Instead, Plaintiff argues that the ECD bar in foreclosure applies only to claims and/or defenses which contest the validity or priority of the mortgage or create an issue with regard to a creditor's right to foreclose.  *Opp., p. 7.*  That argument was rejected by the New Jersey Appellate Division over thirty years ago in *Leisure Technology-Northeast, Inc. v. Klingbeil*, 137 N.J. Super. 353, 356 (App. Div. 1975), *see* AH Mem., p. 8-9.

Courts have expressly held that the quantum or amount of the debt – here the fees and costs in the reinstatement quote – should have been raised in the foreclosure case.  *See Montclair Savings Bank v. Sylvester*, 122 N.J. Eq. 518, 522 (1937).  Plaintiff relies upon several cases to support his argument that the fees and costs were improper, see Opp. at pp. 3-4, citing to *Coastal Bank v. Colonial Wood*

---

2 Courts have held that the "single controversy doctrine…requires a liberal rather than narrow approach to the question of what issues are 'germane.'  *Leisure Technology-Northeast,* 137 N.J. Super. at 358.

*Products, Inc.*, 172 N.J. Super. 320 (App. Div. 1980), *National City Mortgage v. Smith*, 324 N.J. Super. 509 (Ch. Div. 1999).  In both of those cases relied upon by Plaintiff, the debtors raised a challenge to the fees and costs being sought by the creditor **in the foreclosure case**.  In *Coastal*, the debtor paid off the amounts due at the sheriff sale to redeem the property and then, challenged the costs and fees that were sought in the payoff during the foreclosure case.  In *National City*, the debtor reinstated the mortgage during the foreclosure but in doing so, challenged the costs and fees in that reinstatement quote in the midst of the foreclosure case. *See also Collective Federal Savings and Loan Association v. Toland*, 207 N.J. Super. 157 (Ch. Div. 1985)(debtor paid off the mortgage before final judgment in foreclosure but challenged the fees and costs sought in the payoff statement); *First Peoples National Bank of New Jersey v. Brown*, 178 N.J. Super. 549 (Ch. Div. 1981)(debtor objected to the fees and costs being sought by the creditor in the foreclosure proceeding).  These cases make clear that challenges to the fees and costs being sought during the foreclosure proceeding must be and routinely are raised at that time.  Therefore, Plaintiff's claim that "the doctrine does not apply to foreclosure actions" or that the costs and fees at issue were "irrelevant" is not supported by the clear precedent or day-to-day reality of the New Jersey Courts.

   **2.    *The ECD Applies To Claims That Arose During The Foreclosure Case.***

Similarly, Plaintiff's claim that "cause of action must have been known prior

to the institution of a foreclosure action," is unavailing and contrary to New Jersey law.  *Opp., p. 7.*  New Jersey courts have held that the ECD can bar causes of action that arose <u>during</u> the pendency of a prior case.  *See McNally v. Providence Washington Ins. Co.*, 304 N.J. Super. 83, 92 (App. Div. 1997).  In *McNally*, the Appellate Division held that a plaintiff is required to supplement the claims in its initial proceeding to allow the court an opportunity to determine if a claim should be joined and if the plaintiff does not, the claim may be barred.  Moreover, the proposition cited in Plaintiff's Opposition that the claim must be "known to the mortgagor prior to the institution of foreclosure," has been constructively overruled in later cases.  *Opp., p. 7.*  In *Associates Home Equity Services, Inc. v. Troup*, 343 N.J. Super. 254, 271-73 (App. Div. 2001), the Appellate Division allowed discovery of a "reverse redlining" defense despite the fact that such defense was not known to the mortgagor prior to the initiation of the foreclosure proceeding.  The appropriate standard utilized by modern courts is that the only claims that will not be barred by the ECD are those claims that "have not arisen or accrued during pendency of the original action."  *McNally*, 304 N.J. Super. at 94.

Plaintiff has not and cannot argue that the claims related to the allegedly improper fees and costs did not arise or accrue during the pendency of the prior foreclosure action.  In fact, the reinstatement quote sent during the foreclosure is the entire basis for Plaintiff's claims.  *Complaint* at ¶31.  Similarly, Plaintiff does not dispute that he was represented by counsel during the pendency of the

foreclosure proceeding nor does he address the clear findings in *Allen v. LaSalle Bank,* which held that the types of overcharges allegedly at issue in this case are the type that would be recognized by a competent foreclosure attorney.[3]   *See Bettino Cert.,* **Ex. D**.

Plaintiff's argument that the debtor must know of the claim <u>prior</u> to the institution of the foreclosure proceeding has been rejected by the courts, and therefore, does not allow Plaintiff to avoid the dismissal of all his claims because of the ECD.

### 3.  *The ECD Applies To Claims That Were Settled In The Context Of A Prior Proceeding And Before Final Judgment.*

Plaintiff's Opposition also incorrectly argues that the ECD does not apply where a plaintiff's claims were dismissed with no final judgment.  *Opp. at p. 9.* Plaintiff's argument ignores the unambiguous case law cited by American Home establishing that the ECD applies not only to claims that were fully litigated, <u>but also those that settled in a prior action</u>.  *See Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 290 N.J. Super. 293, 299 (App. Div. 1996); *Rycoline Prods., Inc. v. C & W*

---

3 "The knowledge of the existence of a cause of action which will invoke the entire controversy doctrine is the same as the knowledge which will trigger the running of the statute of limitations in those cases to which the discovery rule of deferred accrual is applicable." *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 274 N.J. Super. 405, 413 (App. Div. 1994), *aff'd,* 142 N.J. 280 (1995). The discovery rule postpones the commencement of a cause of action until a plaintiff knows, or should have known, of facts which establish that an injury has occurred and that fault for that injury can be attributed to another.  *Lynch v. Rubacky*, 85 N.J. 65, 70 (1981).  *See also, Riemer v. St. Clare's Riverside Medical Center*, 300 N.J. Super. 101, 109 (App. Div. 1997).

*Unlimited*, 109 F.3d 883, 887-89 (3rd Cir. 1997); *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 415 (1991).  In *Luppino v. Mizrahi,* 326 N.J. Super. 182, 186 (App. Div. 1999), the Appellate Division specifically held that where the defendants previously settled their disputes with the plaintiff, any claims relating to the settlement of the prior case should have been raised in the context of the prior case and settlement and therefore, those claims were barred in any subsequent action.

Plaintiff cannot avoid the consequences of the ECD where he and his counsel made the strategic decision not to challenge any fees or costs in the reinstatement quote and instead, paid them and obtained a dismissal of the foreclosure.  Plaintiff's claim that the matter was "dismissed with no judgment" is insufficient to avoid the preclusive effect of the ECD because the ECD unquestionably applies to claims that parties have affirmatively settled and dismissed.

Moreover, Plaintiff's attempt to avoid the ECD by arguing that the equities do not necessitate the dismissal of his action because he has a meritorious claim is equally unavailing.  Whether Plaintiff's claim is meritorious or not is not the standard by which this Court should determine whether the ECD applies.  If it were, every claimant would argue that its claims have merit and therefore the ECD does not apply.  Such an argument, if applied, would subjugate the meaning and intention of the ECD altogether.  Essential to the ECD is the premise that where a

party has decided to hold back from the initial lawsuit a related component or controversy, he will thereafter be forever barred from raising it in the future. *Riemer v. St. Clare's Riverside Medical Center,* 300 N.J. Super 101, 108 (App. Div. 1997). The New Jersey Supreme Court noted that one of the core purposes of the ECD is the preservation of judicial resources:

> Judicial economy and efficiency – the avoidance of waste and delay – remain constants in the application of the entire controversy doctrine. Fragmented and multiple litigation takes it toll on not only the parties but the judicial institution and the public. This, if anything is a more pressing concern today than it was in the past. The litigation explosion stretches judicial capabilities enormously and placed extraordinary demands on the courts. These concerns have impelled the Court to pursue novel and creative measures to cope with the increase in caseloads. We are importuned to conserve judicial resources; judicial energy is not inexhaustible or endlessly renewable. Thus, a rule that can control litigational extravagance and reduce piecemeal litigation is a necessity.

*Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 25-26 (1989).

The equities is this case, unquestionably favor the dismissal of Plaintiff's counsel's current attempt to re-litigate that which he had every opportunity to raise in the prior foreclosure proceeding. Plaintiff has offered no reason why he elected to hold back his claims until now; his current attempt to burden this Court and subject American Home to a state-wide class action is contrary to the express purpose and public policy rationale behind the ECD.

**B.     In The Alternative, Even If The Court Did Not Dismiss Plaintiff's Complaint Because Of The ECD, The Voluntary Payment Rule Independently Bars Plaintiff's Claims.**

Plaintiff opposes application of the Voluntary Payment Rule ("Rule") by

arguing that:

- the payments were not made with full knowledge of the facts, thus, there was a "mistake" of fact;

- that the Rule can never apply to a consumer in New Jersey because of the Truth in Consumer Contract Warranty and Notice Act ("NJTCCA"); and

- the recent decision of the New Jersey Supreme Court in *Bosland v. Warnock Dodge* (A-97-07) undermines the application of the Rule.

None of those arguments bars application of the Rule to Plaintiff's claims.

When payments are made "under a mistake or ignorance of law, but with full knowledge of the facts," those payments cannot be recovered absent a showing of fraud or duress. *Flammia v. Maller*, 66 N.J. Super. 440, 459 (App. Div. 1961). Given the entire premise of Plaintiff's case – that the fees and costs exceeded the allowable caps in the Court Rules and statutes – there can be no "mistake" of any sort. The alleged allowable amounts were known to Plaintiff – or available to him – at the time that he voluntarily made the payments under the apparent advice of his lawyer, Mr. Feliciano. Thus, Plaintiff's argument that he did not know the "facts" is contradicted by his own allegations.

Plaintiff also asserts – with no explanation and no support – that he was under "duress." *Opp., at p. 10.* Duress is not available as a defense where there is an immediate and adequate remedy in court to resist the demand. *West Park Ave. v. Township of Ocean*, 48 N.J. 122, 129 (1966); *Ross Systems v. Linden Dari-Delite, Inc.*, 35 N.J. 329, 335 (1961); *S.P. Dunham & Company v. Kudra*, 44 N.J.

Super. 565, 570 (App. Div. 1957).  Plaintiff, who was represented by counsel, had ready access to challenge the alleged overcharges of fees and costs in the prior foreclosure action, as other debtors did in the cases cited by Plaintiff.  *See Coastal Bank*, 172 N.J. Super. 320 (App. Div. 1980) and *National City*, 324 N.J. Super. 509 (Ch. Div. 1999).

Plaintiff also argues that the waiver provision of the NJTCCA prevents application of the Rule to all consumers in New Jersey.  The NJTCCA does not apply to the Rule.  The statutory language from the NJTCCA cited by Plaintiff prohibits a creditor from including written waivers of clearly established legal rights in consumer contracts and notices.  *N.J.S.A.* 56:12-16.  Nothing in the NJTCCA seeks to abrogate the long-standing legal doctrine of the Rule.

Finally, Plaintiff's Opposition also overstates the holding in the New Jersey Supreme Court's decision in *Bosland v. Warnock Dodge*.  Plaintiff argues that the facts in *Bosland* are very similar to this case and involved two of the pending issues before the Court.  *Opp., p. 11.*  Both of these contentions and Plaintiff's interpretation of *Bosland* are incorrect.

Even a cursory review of the *Bosland* decision reveals that the Court never considered or addressed the long-standing doctrine of the Voluntary Payment Rule. The Supreme Court granted certification in *Bosland* to settle the limited question of whether there was "explicitly or implicitly, a requirement that a consumer first demand a refund of an overcharged sum from a merchant prior to instituting

litigation."[4]  *Id.*  at 10.  A prior Appellate Division case set up a procedural hurdle to a CFA claimant by requiring that a refund demand be made.  The Supreme Court overruled that case and held that the plain language of the CFA did not require a consumer to seek a refund prior to filing a CFA case.  *Id.*  at 17.  Notably, nowhere in the *Bosland* decision is there any indication that any of the parties raised the defense of the Voluntary Payment Rule nor did the Court consider that Rule.  The Rule examines what a claimant knew at the time the payment was made and involves a very different set of policy considerations than those at issue in the *Bosland* case, which only addressed and removed a procedural hurdle.  There is no indication of what Ms. Bosland knew at the time she made the allegedly offensive payment.  In this case, we know that Plaintiff voluntarily paid the charge when he was represented by counsel and in the midst of a foreclosure proceeding.

Finally, Plaintiff's arguments about whether a refund demand was made or not is not at issue in this case.  American Home has not argued that the Plaintiff was required to seek a refund prior to bringing a claim under the CFA.  Rather, American Home argued that the Plaintiff's claims are barred by the Rule because he voluntarily paid the sums demanded at a time when he could have easily raised a challenge.  Plaintiff's voluntary payment in the midst of the prior foreclosure

---

4 The Supreme Court accepted certification of the issue and overruled the prior decision in *Feinberg v. Red Bank Volvo, Inc.*, 331 N.J. Super. 506 (App. Div. 2000), holding that a refund demand was "a necessary element of proof."  *Id.* at 6.

case bars his challenge to those same charges in this case.

**C.    If The Court Does Not Dismiss Plaintiff's Complaint In Its Entirety, The Following Causes of Action Have Failed To State A Claim Upon Which Relief Could Be Granted.**

**1.    *Plaintiff Relies On The Incorrect Standard.***

Plaintiff relies on the standard set forth in *Mardini v. Viking Freight, Inc.*, 92 F.Supp.2d 378, 385 (D.N.J. 1999), which cites to the discredited decision of *Conley v. Gibson,* 355 U.S. 41 (1957), that was issued before the Supreme Court revised the Motion to Dismiss standard in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).[5]  In *Twombly,* the Court revised the antiquated standard on a motion to dismiss to require a plaintiff's complaint to contain more than "labels and conclusions."  *Id.*  at 1965.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "'the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  *Twombly*,  127 S. Ct. at 1965.  Under *Twombly*, Plaintiff fails to state a claim upon which relief can be granted.

**2.    *The Sixteen Year Statute of Limitations In N.J.S.A. 2A:14-4 Does Not Apply To Plaintiff's Claims As A Matter Of Law.***

---

5   Plaintiff submits the Affidavit of Mr. Adler purportedly pursuant to Rule 56(f). Rule 56(f) requires what specific discovery would be necessary and why.  Mr. Adler's Affidavit fails to meet those requirements and, instead, simply states that discovery is required.  Even if Rule 56 were applicable, which Defendant does not concede, Mr. Adler's Affidavit fails to specify exactly what discovery is necessary and how that discovery might change the outcome of the Motion and therefore, should be disregarded.

Plaintiff's Opposition repeats his conclusory allegation that a sixteen (16) year statute of limitation applies because the document upon which he was overcharged was a "sealed document." *Opp., p. 16.* [6]  Yet, Plaintiff neglects to address any of the arguments or cases cited in American Home's moving papers explaining that the statute of limitations relied upon by Plaintiff is only available to enforce money obligations for documents under seal.  On its face, the statute itself only applies to:  "[e]very action at law ... <u>upon an obligation under seal conditioned for the payment of money only</u> ...."  *N.J.S.A.* 2A:14-4.   It is clear from Plaintiff's Complaint and Opposition that he is not suing American Home for the payment of money due under any contract "under seal" but, rather, to recoup alleged overpayments for attorneys' fees and costs that he made in response to a requested reinstatement quote.   Therefore, the special statute of limitations relied upon by Plaintiff is inapplicable as a matter of law.

Plaintiff seeks to avoid the clear application of the statute by arguing that any claim related to a "sealed document" is swept into the sixteen year statute of limitations.  Accepting this novel position would enable the exception to swallow

---

[6]  Plaintiff claims in his Opposition that Defendant conceded that Plaintiff's Mortgage was "under seal."  That is not accurate.  Defendant does not concede that the Plaintiff's Mortgage documents were "under seal" because that determination is a question for the Court upon inspection of each document.  *Beneficial Finance Co. v. Dixon*, 130 N.J. Super. at 511-512 (Court held that whether a document is "under seal" depends upon the "intention of the executant.").  However, the Court need not engage in such an inspection in this case because *N.J.S.A.* 2A:14-4 is wholly inapplicable to the claims made in Plaintiff's Complaint.

the rule.[7]  Such a position is contrary to the purpose of limitation statutes whose "principal consideration…is fairness to the defendant…by protecting against the litigation of stale claims, stimulating diligent prosecution of claims, penalizing dilatoriness, and serving as a measure of repose." *Molnar v. Hedden*, 138 N.J. 96, 102 (1994).   Plaintiff's attempt to apply a sixteen year statute of limitations must be stricken as a matter of law.

### 3.   *Plaintiff Cannot Avoid Dismissal Of His FDCPA Claim*.

In his Opposition, Plaintiff attempts to avoid dismissal of his FDCPA claim by alleging that American Home was a debt collector under the Act because it purchased the loan at the time it was in default and, that *Allen v. LaSalle Bank, N.A., et al.*, is on appeal and should be disregarded.  Both of these arguments are flawed and Plaintiff's FDCPA claims must be dismissed.

In addition to the arguments set forth in American Home's Moving Brief, the FDCPA cannot apply where the consumer itself initiated the contact.   In *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, *1 (N.D.N.Y.) the plaintiff contacted her servicer regarding her mortgage payments and was transferred to the "Loan Counseling Department" in order to discuss bringing her mortgage current.  The Court dismissed the Plaintiff's claim that the

---

[7] Under the rules for statutory construction, statutes should be interpreted to avoid unreasonable results.  *Libby v. Union County Board of Chosen Freeholders*, 125 N.J. Super. 471, 474 (App. Div. 1973) ("When considering a statute, interpretations which lead to absurd or unreasonable results are to be avoided.")

defendant's message violated the FDCPA because there was "no allegation or indication that Defendant attempted to collect on a debt" in the course of responding to communication *instituted by the Plaintiff*.   Id. *2 (emphasis in original).   According to the court, "the purpose of § 1692 is to ensure that communications *initiated by the debt collector* (not the consumer) are not abusive, deceptive or unfair…[i]ndeed, when the consumer initiates the communications, many of the policy reasons behind the FDCPA disappear.*" Id.* (emphasis in original).

In this case, the debtor initiated the request for a payoff quote, which was sent to his attorney.   For these reasons and the reasons set forth in the Moving brief, the FDCPA claim should be dismissed.

### 4. *Plaintiff remains unable to allege a valid legal duty on the part of American Home.*

Plaintiff's Opposition failed to provide any legal authority which supports his claim that American Home owed him a legal duty.   Moreover, Plaintiff failed to address the cases which held that no duty can be inferred where the parties are in a clearly adversarial posture.   Plaintiff's failure to plead a valid legal duty on the part of American Home is fatal to his claim of negligence.   *See Kernan v. One Washington Park Urban Renewal Assoc*., 154 N.J. 437, 445 (1998); *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 557 (App. Div. 1997); *Donleavy v. Casey*, 2006 WL 3770883 (App. Div. Dec. 26, 2006).

     **5.     *Plaintiff's Claims Under The Fair Foreclosure Act, the New Jersey Court Rules, The Usury Statute and the Licensed Lender's Act Must Be Dismissed.***

American Home relies on the arguments set forth in it Moving brief on the dismissal of Counts V, VI, VII, X, XII for the reasons set forth previously.

     **6.     *Plaintiff's Plea For Discovery and Reliance On Fed. R. Civ. P. 56(f) Cannot Save His Complaint From Dismissal.***

Plaintiff's Opposition includes a paragraph requesting a stay of American Home's Motion until more discovery can be provided and references a *R.* 56(f) certification included in his Opposition. That request is entirely inapplicable to American Home's *Fed. R. Civ. P.* 12(b)(6) motion before the Court.  Rule 56(f) allows a party opposing a motion for summary judgment to show by affidavit that more discovery is needed for its opposition.  Such an affidavit is not applicable to a 12(b)(6) motion which accepts plaintiff's allegations as true and then, makes a determination as a matter of law.  The Court need only examine the allegations contained in Plaintiff's Complaint to determine that Plaintiff's Complaint is barred by the Entire Controversy Doctrine, the Voluntary Payment Rule and fails to state a claim.  Plaintiff's claim for unspecified discovery and his plea for a fishing expedition should be disregarded.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that this Court dismiss Plaintiff's Complaint against American Home with prejudice.

**REED SMITH LLP**
Attorneys for Defendant


*s/ Diane A. Bettino*

Dated: March 30, 2009            Diane A. Bettino