# ReedSmith

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

Diane A. Bettino
Direct Phone: +1 609 514 5962
Email: dbettino@reedsmith.com

July 7, 2009

**Via Electronic Filing**
The Hon. Noel L. Hillman, U.S.D.J.
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

    Re:    *John W. Oliver, III v. American Home Mortgage Servicing, Inc, et al.*
            *Civil Action No.: 1:09-cv-00001-NLH-JS*

Dear Judge Hillman:

    This firm represents Defendant American Home Mortgage Servicing, Inc. ("American Home") in the above-captioned matter. We are writing to respectfully request the Court's permission to supplement American Home's Motion to Dismiss that is currently pending before the Court. In light of the recent decisions of the New Jersey District Court in *Ogbin v. Fein, Such, Kahn & Sheppard*, P.C., 2009 U.S. Dist., LEXIS 46954 (D.N.J. June 1, 2009) and *Rickenbach, et al. v. Wells Fargo Bank, N.A., et al.*, 2009 U.S. Dist. LEXIS 52760 (D.N.J. June 22, 2009), American Home seeks the opportunity to brief the issue of New Jersey's litigation privilege and the potential dispositive effect on this case.

    Both *Ogbin* and *Rickenbach* involved similar claims arising out of payoff/reinstatement statements that were sent in conjunction with pending foreclosure actions. *Ogbin*, 2009 U.S. Dist., LEXIS 46954 at *2; *Rickenbach*, 2009 U.S. Dist. LEXIS 52760 at *3-4. The plaintiffs in those two cases were also represented by Plaintiff's current counsel, Mr. Adler. Therefore, Mr. Adler is fully aware of the litigation privilege, its potential application to the current action, and has fully briefed the matter in the previous decisions. The Court in *Ogbin* and *Rickenbach* dismissed the claims against the law firm defendants finding that the payoff statements arose during the pendency of the foreclosure action and precluded the plaintiff's from relying on these documents as the basis for their actions. *Ogbin*, 2009 U.S. Dist., LEXIS 46954 at *7; *Rickenbach*, 2009 U.S. Dist. LEXIS 52760 at *29. The Court in *Rickenbach* further indicated that the mortgagor involved in the transaction was also likely protected by the litigation privilege. *Rickenbach*, 2009 U.S. Dist. LEXIS 52760 at *29 (citing *Loigman v. Twp. Comm. Twp. of Middletow*n, 185 N.J. 566 (2006) (holding that a party is entitled to the same litigation privilege as its representative).

    Although American Home believes dismissal of Plaintiff's Complaint is warranted for the reasons raised in its moving papers, it respectfully requests the opportunity to fully brief the issue of the litigation privilege. Given its potentially and probable dispositive effect, it is in the interests of the

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

Nanette W. Mantell ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

**ReedSmith**

July 7, 2009
Page 2

parties and judicial economy to fully brief the issue of the litigation privilege while American Home's Motion to Dismiss is still pending. Moreover, in light of the participation of Plaintiff's Counsel in the cases cited above, there can be little prejudice to Plaintiff. As such, American Home respectfully requests the Court permit it to file a supplemental brief of no more than seven (7) pages on the issue of the litigation privilege only, which will be filed no later than July 31, 2009.

Thank you for your time and attention to this matter.

Respectfully Submitted,

Diane A. Bettino

cc: Lewis G. Adler, Esq.